■ ROSALYN WEISS, Respondent, v GEORGE D. WEISS, Appellant.—In a matrimonial action in which a divorce was granted, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated December 19, 1979, as denied his application, *inter alia,* to enjoin the plaintiff from removing their son from New York State. Order reversed insofar as appealed from, without costs or disburse-

ments, and defendant's application to restrain the plaintiff from removing the said minor son of the parties from the State of New York or in such manner as to deprive defendant of his visitation rights as provided for in the judgment of divorce herein is granted. Plaintiff and defendant entered into a separation agreement which was subsequently incorporated into but was not merged into the judgment of divorce. The agreement granted custody of the child to the plaintiff subject to liberal visitation rights of the defendant. A hearing was held wherein plaintiff stated that she was taking the child to Las Vegas, Nevada, to seek employment for herself. There was no proof submitted to support plaintiff's contention that she had a job there, only an allegation that there were better opportunities for employment in Las Vegas. Plaintiff also alleged that she presently lives in an area where mostly married couples reside. She complained that this factor was not very conducive to her social life. The contemplated move to Las Vegas would interfere with the defendant's visitation rights with his son, which rights he took advantage of. Plaintiff has not demonstrated any exceptional circumstances as would warrant the removal of the child to Las Vegas. Such move would result in a suspension of defendant's rights of visitation under the separation agreement. It is our determination, under the circumstances of this case, that should plaintiff fail to abide by the directive not to so remove the child, the defendant shall be relieved of his obligation to pay alimony and child support (cf. *Walsh v Walsh*, 64 AD2d 980; *Strahl v Strahl*, 66 AD2d 571, affd 49 NY2d 1036; Domestic Relations Law, § 241). Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.