■ MICHAEL P. MURZA, Appellant, v ELSIE MURZA, Respondent, et al., Defendants. — In a matrimonial action, the plaintiff husband appeals from so much of an order of the Supreme Court, Queens County (Rodell, J.), entered December 10, 1980, as (1) granted a monetary judgment in favor of the defendant Elsie Murza and against him in the sum of $1,400, representing arrears in alimony payments, and (2) denied his application to modify the divorce judgment by eliminating alimony and child support payments. Order affirmed, insofar as appealed from, without costs or disbursements, and without prejudice to an application by plaintiff to modify the divorce judgment

with respect to alimony and child support payments in the event the defendant wife interferes with his rights of visitation. The parties were divorced in 1977, and the defendant wife (respondent) was granted custody of their only child, a girl who is now 15 years of age. Respondent subsequently moved to Puerto Rico with the child, as she was permitted to do pursuant to the terms of the divorce judgment. The judgment provided that in the event respondent and the child moved to Puerto Rico, then, upon plaintiff's sending to respondent prepaid round trip airline tickets between Puerto Rico and New York, she would be required to permit the child to visit plaintiff in New York at certain specified times. Due, perhaps, to the child's statement to the respondent that she did not like New York in the summer, respondent informed plaintiff that she would not permit their daughter to travel to New York. Plaintiff, accordingly, declined to send airline tickets for the child, and then ceased making alimony and child support payments on the ground that he was being denied his right to visitation. The wife thereupon moved, *inter alia,* for a money judgment for arrears and plaintiff cross-moved, *inter alia,* to eliminate from the divorce judgment the requirement that he pay alimony and child support. Special Term denied the plaintiff's cross motion and awarded the wife arrears of $1,400. Plaintiff could not cease making payments without authorization from the court. Being bound by the divorce judgment, he was obligated to continue making the payments, at least until the defendant wife actually carried out her threat to interfere with his visitation rights. Once plaintiff fulfills those parts of the judgment regarding support and the sending of airline tickets, respondent will not be at liberty to refuse plaintiff his visitation rights. The child's dislike of New York in the summer is not sufficient reason to deny her father his visitation rights (see *Mahler v Mahler,* 72 AD2d 739; *Eylman v Eylman,* 23 AD2d 495), and in any event, cannot serve to explain respondent's refusal to allow the child to travel to New York during her Christmas and Easter vacations. Therefore, in the event that the defendant wife actually interferes with the visitation rights of the plaintiff, he may then move to be relieved of his support obligations pursuant to the judgment (see *Weiss v Weiss,* 76 AD2d 863, affd 52 NY2d 170; *Walsh v Walsh,* 64 AD2d 980). Finally, plaintiff's loss of one eye is not a predicate for an abatement of his obligations to make support payments, because his income has not decreased as a result of the accident (see *Hickland v Hickland,* 39 NY2d 1; cf. *Rotbert v Rotbert,* 47 AD2d 666). Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.