■ In the Matter of MADELYN LEE, Respondent, v HARRY DE HAVEN, Appellant. — In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), the father appeals from an order of the Family Court, Nassau County (Cohen, J.), entered September 25, 1980, which, after a hearing, (1) reduced his liability for support of the parties' two children from $110 per week to $90 per week, (2) directed him to pay $3,300 in arrears for support of the children, at the rate of $30 per week, and (3) modified his visitation rights under the prior judgment of divorce. Order modified, on the law, by striking the provision fixing visitation. As so modified, order affirmed, without costs or disbursements, and the visitation provisions of the judgment of divorce are reinstated. The appellant, without authorization from a court, ceased making support payments when petitioner remarried and relocated, with the children, in Georgia. Petitioner then brought this proceeding to enforce the support provisions of the divorce decree. While a noncustodial parent's support obligation may be suspended when the custodial parent removed the children to a distant location without justification (see *Abraham v Abraham,* 44 AD2d 675; *Callender v Callender,* 37 AD2d 360), such a suspension is not automatic, and depends upon the circumstances of the particular case (see *Matter of Giacopelli v Giacopelli,* 62 AD2d 999; *Matter of Sawyer v Larkin,* 37 AD2d 929). We find that in this case, petitioner's relocation, which was a consequence of her remarriage, and which was not prohibited by the divorce decree, was justifiable. This relocation, while rendering visitation more expensive for appellant, did not entirely preclude the exercise of his visitation rights. Appellant was not authorized to cease making support payments without a court order (see *Murza v Murza,* 85 AD2d 687). We note that the Family Court took cognizance of the greater expense appellant now has to bear in order to exercise his visitation rights by reducing his support obligation by $20 per week, notwithstanding a moderate increase in appellant's income since the time the divorce judgment was entered. Appellant's argument that the Family Court lacked jurisdiction to enter a money judgment for arrears is without merit. While such jurisdiction is not explicitly conferred by section 34 of the Domestic Relations Law, it is conferred by subdivision 1 of section 460 of the Family Court Act, which is made applicable to proceedings under the Uniform Support of Dependents Law by subdivision 1

of section 37 of the Domestic Relations Law (see *Matter of Gemmiti v Beagle,* 94 Misc 2d 588). The court, however, did lack jurisdiction to modify appellant's visitation rights, as section 34-a of the Domestic Relations Law confers such authority only when the parties are residents of different counties within this State (see *Matter of Shinouda v Shinouda,* 96 Misc 2d 290). Consequently, so much of the order appealed from as fixed visitation must be stricken. Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.