■ MARGARET A. O'NEILL, Respondent, v TERRENCE J. O'NEILL, Appellant. — In a matrimonial action in which the plaintiff wife had previously been granted a divorce, the defendant husband appeals (1) from an order of the Supreme Court, Suffolk County (Geiler, J.), dated August 25, 1981, which granted plaintiff's motion for the appointment of a receiver of all defendant's property in the State of New York, "particularly all of his right, title and interest in and to the former marital residence", named plaintiff as the receiver, awarded plaintiff a counsel fee of $750, and denied defendant's cross motion to, *inter alia,* suspend prospective payments of alimony and child support, on the ground that plaintiff unreasonably withheld visitation, and (2) from a further order of the same court, dated October 22, 1981, which denied his motion to renew. Order dated August 25, 1981 modified, by deleting the provision which denied defendant's cross motion, and by adding a provision that one-half of the proceeds from the sale of the marital residence shall be placed in a depository to be agreed upon by the parties, or, if the parties cannot agree, in a depository to be determined by Special Term, pending the result of a hearing with respect to defendant's cross motion. As so modified, order affirmed, without costs or disbursements. Appeal from order dated October 22, 1981 dismissed as academic, in light of our determination of the appeal from the order dated August 25, 1981. In a stipulation settling their differences, which was incorporated but not merged in the judgment of divorce, the parties agreed, *inter alia,* that plaintiff would have exclusive possession of the marital residence, owned by them as tenants by the entirety. However, plaintiff was given the right to elect to sell the marital residence. The defendant further agreed to pay plaintiff $50 per week alimony and a total of $100 per week child support. The stipulation also provided: "Each party shall own free of any claim

or right of the other all of the items of property, real, personal and mixed, of any kind, nature or description, and wheresoever situated, which are now owned by him or her". In January, 1981, defendant petitioned the Family Court, Nassau County, for an order suspending his support obligations on the ground that plaintiff had unreasonably denied him visitation with the children. By order dated January 28, 1981 (Loewy, J.), his application was denied. In June, 1981, defendant made a second application in the Family Court, Nassau County, for suspension of alimony and/or maintenance, on the ground, *inter alia,* that he was unreasonably denied visitation. By order dated July 17, 1981 (Collins, J.), his application was, again, denied and a judgment for arrears was entered against him. Meanwhile, plaintiff elected to sell the marital residence. When defendant refused to sign the contract of sale unless plaintiff agreed to turn over to him half the personal property in the house or, in the alternative, to waive "any and all alleged arrears in alimony payments", plaintiff moved, pursuant to section 243 of the Domestic Relations Law, for an order, *inter alia,* appointing a receiver with power to execute the contract of sale, and with power to "take those funds to which the Defendant would become entitled, placing them in a depository designated by the Court, in order that they will remain intact until such time as the Court makes a final determination concerning [plaintiff's] right to have a permanent Receiver and Sequestrator appointed * * * and the scheduling of a hearing in order that all aspects of this matter be clearly demonstrated to the Court." Defendant cross-moved, *inter alia,* for an order suspending prospective alimony and child support payments, on the ground that plaintiff unreasonably withheld visitation, and for distribution of personal property in plaintiff's possession. Defendant also disputed the amount of the arrears. In the order appealed from dated August 25, 1981, Special Term, *inter alia,* appointed plaintiff receiver of all of defendant's property in the State of New York and denied defendant's cross motion, without a hearing. Thereafter, defendant made a motion to renew, alleging that plaintiff persisted in denying him visitation with his children. By order dated October 22, 1981, Special Term denied this application. The affidavits raise numerous issues of fact relating to the amount of unpaid arrears, the proper distribution of personal property, and whether plaintiff had unreasonably denied defendant visitation. Accordingly, a hearing is required to resolve these issues. Defendant's claim that support payments should be suspended because visitation was unreasonably withheld, was previously raised and rejected by the Family Court, Nassau County, in orders dated January 28, 1981 and July 17, 1981. Those determinations, however, do not preclude defendant from claiming that visitation was unreasonably withheld subsequent to July 17, 1981. Defendant contends that he was deprived of contact with his children in August, September and October, 1981. If such is the case, Special Term, in its discretion, may suspend support payments (see *Weiss v Weiss,* 76 AD2d 863, affd 52 NY2d 170; *Passonno v Passonno,* 73 AD2d 718). In the interests of justice, however, one half of the proceeds from the sale of the marital residence should be sequestered in a depository to be agreed upon by the parties, or, if the parties cannot agree, in a depository to be determined by Special Term, pending the result of the hearing on the cross motion (see *Matter of Hunter v Hunter,* 41 AD2d 772). Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.