OPINION OF THE COURT
Minna R. Buck, J.
By order dated October 7, 1983, the Supreme Court (Honorable Edward F. McLaughlin) referred to this court a motion brought September 2, 1983 by the original respondent for a money judgment against the original petitioner for alleged arrears in child support and alimony, and for a wage deduction order, and the cross motion brought by the original petitioner on September 19, 1983, seeking to terminate the obligation to pay alimony and to vacate any arrears. The order of referral was filed in this court on November 15, 1983, and a hearing was held on March 6, 1984, both parties appearing in person with counsel. The petitioner testified on his own behalf and also called respondent as a witness; respondent offered no further evidence. The court reserved decision.
The parties were divorced in 1971 on the basis of a filed separation agreement dated June 17, 1968, which granted *977 custody of the parties’ only child (Christine, born Oct. 1, 1965) to respondent mother. The decree of divorce also provided for payment by petitioner to respondent of $150 per month alimony and $150 per month child support. The child remained in her mother’s custody until 1976, when custody was transferred to petitioner father after a plenary hearing in Supreme Court. The order transferring custody also provided: “when custody is transferred to the father * * * the monthly [child] support order of $150 * * * is terminated as of the time of transfer of custody and the decree is so modified.”
In 1980, when Christine was 15 years old, the parties were back in Supreme Court on petitioner’s writ of habeas corpus seeking return of the child from her mother’s home. By order of June 26,1980, the Supreme Court ruled that it was in the best interests of the child to continue in her father’s care, custody and control.
The nature of the circumstances which underlie the present proceedings are not in dispute. On or about June 26, 1982, apparently at the conclusion of the school year, the child Christine, then almost 17 years of age and about to commence her senior year in high school, left her father’s home without his knowledge or consent and took up residence with her mother. Petitioner, after making his objections known to respondent, suspended payment of alimony as of July, 1982.
Respondent’s petition seeks judgment for the resulting arrears in alimony payments and for alleged arrears in child support payments.
The latter claim is apparently grounded on respondent’s perception that, since the child moved in with her, the previous “suspension” of child support was lifted as of July 1, 1983, and presumably the earlier order of child support was automatically reinstated. The 1976 modification of the divorce decree did not suspend petitioner’s obligation to pay child support, it terminated the obligation, for the good reason that he now had custody. Clearly that obligation could not have been reinstated without further order of the court; no such order was sought or obtained, and therefore no arrears in child support could have accrued.
*978 The issue of alimony presents a more complex question. Petitioner argues that respondent’s acquiescence, if not encouragement, in the child’s removal from his home amounted to deliberate conduct so inimical to his custodial rights as to justify forfeiture of respondent’s right to receive alimony. No authorities are cited to support this point, nor have any been found. This may be due to the relative infrequency with which the fact pattern in the instant case is encountered — i.e., where custody of a young child is awarded to father, with a continuation of alimony to mother. However, the court is persuaded by the analogy to the legislative policy and decisional law whereby unjustified denial of visitation provides the basis for suspension of alimony, section 241 of the Domestic Relations Law (Farhi v Farhi, 64 AD2d 840; Weiss v Weiss, 76 AD2d 863, affd 52 NY2d 170), and even of child support (Strahl v Strahl, 66 AD2d 571, affd 49 NY2d 1036; Giacopelli v Giacopelli, 82 AD2d 806; Feuer v Feuer, 50 AD2d 772). If improper denial of visitation rights justifies the imposition of sanctions, a fortiori, denial of custodial rights warrants a similar penalty in an appropriate case.
The court finds that sanction appropriate in the present case. Respondent is not seeking to modify the order of custody to transfer custody back to herself, nor has she alleged or proven any grounds for such transfer. In fact, the record indicates that respondent did not object to petitioner’s continued contact with the child, and that the child herself continued to maintain contact with her father áfter leaving his home, even to the extent of joining him for an extended European trip to visit her paternal grandparents. Petitioner continued to try to maintain the relationship, helping his daughter to prepare college applications and making preliminary payments in anticipation of her attendance (which he offered to finance). Moreover, respondent, while denying that she encouraged or physically aided Christine to move into her home, admitted that she knew of her daughter’s plans in advance, but did nothing to notify petitioner, or to discourage Christine from carrying out her plans, or to urge her to return to her lawful guardian. No explanation was offered by respondent for her conduct, other than an ingenuous reference to Chris *979 tine’s expressed wishes. Respondent is an educated individual-, not inexperienced in court procedures; she cannot seek the aid of the court to enforce only those portions of lawful orders which are for her benefit, while ignoring the remainder.
Neither party called Christine to testify, and the question of her best interests was raised only tangentially in petitioner’s pleadings, wherein he explained his decision to seek termination of his obligation to pay alimony rather than to enforce his custodial rights, on the grounds that he acknowledges his daughter’s wish “to assert her independence” and he is reluctant to involve her directly in further legal proceedings. Under the circumstances, this is not unreasonable, and the court hereby finds that petitioner is entitled to the relief sought in his cross petition.