■ ROBERT F. CRANFORD, Appellant, v MILLICENT CRANFORD, Respondent.—In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of an order of

the Supreme Court, Kings County (Imperato, R.), dated February 15, 1984, as (1) granted defendant wife's motion for leave to enter judgment for arrears in alimony in the sum of $2,910 which accrued for the period from January 5, 1980 through September 26, 1983 and for counsel fees in the sum of $900, and (2) denied plaintiff's cross motion, *inter alia*, for an order dismissing defendant's motion and modifying said judgment of divorce so as to vacate the award of alimony. (We deem defendant's notice of appeal from the decision of Jan. 5, 1984 to be a premature notice of appeal from the order.) The appeal brings up for review so much of an order of the same court, dated May 23, 1984, as upon reargument, adhered to the original determination.

Appeal from the order dated February 15, 1984 dismissed. That order was superseded by the order dated May 23, 1984, made upon reargument.

Order dated May 23, 1984 affirmed insofar as reviewed.

Defendant is awarded one bill of costs.

In the absence of a showing of good cause by plaintiff for his failure to seek relief from the $15 per week alimony award originally provided for in a stipulation of settlement between the parties and subsequently incorporated but not merged into the judgment of divorce prior to the accrual of arrearages, the special referee was obliged to direct the entry of judgment against plaintiff for the conceded period of time when he defaulted in his obligation thereunder (Domestic Relations Law § 244; *see, Malta v Malta,* 87 AD2d 988). The evidence in the record amply supports a finding that defendant did not agree to forgive the debt nor waive her right to recover the arrearages. That determination turned upon the credibility of the parties at the hearing, which the special referee was uniquely qualified to assess. Thus, the referee did not abuse his discretion in granting that branch of defendant's motion which sought to compel entry of a judgment against plaintiff (*see, Lewandoski v Lewandoski,* 278 App Div 1004).

Nor has plaintiff demonstrated a substantial change in either his or defendant's financial circumstances between the time the alimony award was agreed upon and the time of his cross motion, so as to warrant vacatur of said award (*see, Kover v Kover,* 29 NY2d 408, 413; *Miklowitz v Miklowitz,* 79 AD2d 795, *lv denied* 53 NY2d 604). Merely because defendant was able to be self-supporting by operating her own funeral parlor and maintaining income-producing real property did not automatically relieve plaintiff from having to pay alimony

(*McClusky v McClusky,* 87 AD2d 973; *see also, Hickland v Hickland,* 39 NY2d 1, 6, *cert denied* 429 US 941), particularly where defendant had been employed and was apparently receiving a greater net income at the time of the stipulation.

Although it is clear that defendant did not act as diligently as she could have with respect to prosecuting her claim for arrears, plaintiff failed to show that he was prejudiced solely as a result of this delay, which he was required to do in order to successfully assert the defense of laches (*Maule v Kaufman,* 33 NY2d 58, 62; *Seligson v Weiss,* 222 App Div 634, 638; *cf. Meyer v Meyer,* 74 AD2d 945, *appeal dismissed* 50 NY2d 1056). Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.