■ ELEANOR R. BOHLMAN, Respondent-Appellant, v JOHN W. BOHLMAN et al., Appellants-Respondents.—In an action to recover damages, *inter alia,* for the intentional infliction of severe emotional distress, defendants appeal from (1) a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered March 27, 1984, upon default, which is in favor of plaintiff in the principal sum of $450,000, $200,000 representing compensatory damages and $250,000 representing punitive damages, and (2) stated portions of an order of the same court, entered November 26, 1984, which, *inter alia,* denied that branch of defendants' motion which sought to vacate their default in answering. Plaintiff cross-appeals from so much of the same order as reduced the award of punitive damages from the sum of $250,000 to the sum of $25,000.

Appeal from the judgment dismissed. No appeal lies from a judgment entered on default.

Order affirmed.

Plaintiff is awarded one bill of costs.

Defendants' contentions on the appeal from the judgment are not reviewable by this court since it was entered upon proceedings on an uncontested inquest after default *(see, James v Powell,* 19 NY2d 249, 256, n 3; *Katz v Katz,* 68 AD2d 536, 540-541).

Special Term did not abuse its discretion by refusing to vacate the judgment and excuse defendants' default. Defendants have made no showing of a reasonable excuse for their default. The record shows that defendants' default was knowing and purposeful. Their allegations of law office failure are nothing more than a transparent attempt to cover up their own deliberate attempts to keep this action from proceeding. Additionally, defendants have made no showing of a meritorious defense.

Special Term also did not err in reducing the award of

punitive damages. Under the circumstances of this case, the verdict was "so grossly excessive 'as to show by its very exorbitancy that it was actuated by passion' " *(Nardelli v Stamberg,* 44 NY2d 500, 504, quoting from 1 Clark, New York Law of Damages § 56, at 102). O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.