██ MADELINE STORY, Respondent, v WILLIAM B. BRADY, Appellant.—In a matrimonial action, defendant husband appeals from a judgment of the Supreme Court, Westchester County (Martin, J.), dated June 11, 1984, which granted plaintiff wife's motion for the entry of a money judgment for arrears in child support which accrued from 1969 through March 3, 1983.

Judgment modified, on the law, by reducing the principal sum awarded to the amount of $8,369. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for the fixing of interest and for the entry of an appropriate amended judgment.

The judgment appealed from erroneously awarded plaintiff arrears for child support payments due between 1969 and March 1977. An action to recover child support arrears claimed pursuant to a divorce decree or separation agreement is governed by the six-year Statute of Limitations (CPLR 213), unless the arrearages have been reduced through further proceedings to a judgment *(see, Tauber v Lebow,* 65 NY2d 596; *Galyn v Schwartz,* 56 NY2d 969, *modfg* 77 AD2d 437).

Defendant's contention that a copy of the separation agreement was erroneously admitted into evidence is without merit. Defendant acknowledged that he executed the separation agreement on May 24, 1966, the original of which is on file in the office of the County Clerk, Queens County. As there was a reasonable excuse for the nonproduction of the original, plaintiff was entitled to rely upon secondary evidence to prove the terms of the agreement *(see,* Richardson, Evidence §§ 599, 600 [Prince 10th ed]; *cf. Dependable Lists v Malek,* 98 AD2d 679, *appeal dismissed* 62 NY2d 645). In addition, the divorce decree was properly admitted over defendant's specific objection *(see, Matter of Budziejko,* 277 App Div 829).

Nor is defendant's failure to pay child support as required by the separation agreement and divorce decree excused by

plaintiff's relocation without the State, since the separation agreement expressly required plaintiff to reside within a 100-mile radius of New York City only while she remained unmarried. Plaintiff remarried in 1969. In order to suspend his support obligations, it was incumbent upon defendant to move for a court order and establish that his visitation rights were interfered with *(see, Murza v Murza,* 85 AD2d 687; *Matter of Lee v De Haven,* 87 AD2d 576). This he did not do. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.