■ AUGUST MILLER, Appellant, v CHARAN MILLER, Respondent.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the father appeals from (1) an order of the Family Court, Suffolk County (Campbell, J.), entered June 4, 1984, which, after a hearing, *inter alia,* fixed his arrears in child support payments at $2,365, and (2) a judgment of the same court, entered July 3, 1984, thereon.

Appeal from the order dismissed *(see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed.

The respondent mother is awarded one bill of costs.

On June 20, 1978, the parties executed a separation agreement which was incorporated into a divorce decree dated June 28, 1978, obtained in the Dominican Republic. The separation agreement provided, in pertinent part, that the father would pay $37.50 per week for each of his two children, with shared custody of the children. Also, the father was to have the right to have the children stay with him for a minimum of one full week per month, and each and every weekend as he so desired. Further, the father had the right to have the children for a three-week period once a year. During the weeks that the children stayed with the father, no support payments were to be made to the mother.

Serious visitation problems arose in April 1982. The father brought a petition in the Family Court, Suffolk County, for modification and enforcement of the Dominican Republic judgment of divorce, and the mother cross-petitioned for a modification of the child support payments. Pursuant to a stipula-

tion of the parties, by order dated June 11, 1982 (Maas, J.), the court directed that the father have, *inter alia,* the right to have the children visit on alternate weekends commencing June 4, 1982, and for a four-week summer vacation period, upon at least three weeks' notice to the mother, and during certain other holiday periods.

Thereafter, the mother sought an order fixing the amount of arrears of child support, and the father petitioned the court to find the mother in contempt of the visitation order, and, as punishment, to cancel all arrears for her willful interference with visitation.

As we stated in the case of *Matter of Giacopelli v Giacopelli* (82 AD2d 806, 807, *appeal dismissed* 54 NY2d 787), a mother "should not be permitted to enjoy the benefits of a support order, while at the same time frustrating the important rights of a father to see his children". The evidence in the record reveals that the father in the present case, on numerous occasions, traveled from his home in Connecticut to New York to pick up his children for scheduled visitation and the mother willfully denied or interfered with the visitation. However, the father, on the other hand, was not authorized to cease making support payments even under these difficult circumstances without obtaining a court order *(see, Matter of Lee v De Haven,* 87 AD2d 576). We note that the case of *Biamby v Biamby* (114 AD2d 830) is distinguishable. In that case, such a court order was obtained.

Under the facts and circumstances of this case, we find that the hearing court properly fixed the arrears at $2,365 for the period from January 1, 1979 to May 25, 1984. Also, contrary to the father's contentions on this appeal, the abatements in child support payments were properly limited to a total of $2,700, for nine weeks of summer visitation and 27 visitation weekends in 1982 and 1983.

Finally, we reject the father's remaining contention raised for the first time on this appeal, that the court should have ordered visitation as provided for in the separation agreement. The visitation provisions in the separation agreement were modified pursuant to a stipulation and agreement of the parties incorporated in Judge Maas' order dated June 11, 1982. That order is not a subject of these appeals. In any case, the father cannot challenge on appeal that which he agreed to in the Family Court. Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.