■ VALDEMAR SERAFIMOVS, Appellant, v MALDA SERAFIMOVS, Respondent. (Action No. 1.) MALDA SERAFIMOVS, Respondent, v VALDEMAR SERAFIMOVS, Appellant. (Action No. 2.)—In two matrimonial actions, one for a separation and ancillary relief (action No. 1), and the other for a divorce and ancillary relief (action No. 2), the husband appeals (1) from so much of an order of the Supreme Court, Queens County (Berkowitz, J.), dated February 25, 1986, as granted the wife a hearing on the issues of arrears in support payments, sequestration of his

pension, and attorney's fees, (2) as limited by his brief, from so much of a judgment of divorce of the same court dated June 25, 1986, as, after a nonjury trial at which he defaulted in appearing, directed him to pay child support of $50 per week per child for a total of $200 per week, (3) as limited by his brief, from so much of an order of the same court (Corrado, J.), dated November 3, 1986, as denied those branches of his motion which were for exclusive possession of the marital home, for cancellation of child support arrears and for a stay of support enforcement proceedings, and (4) as limited by his brief, from so much of an order of the same court, dated January 13, 1987, as, upon reargument, adhered to its original determination in the order dated November 3, 1986.

Ordered that the appeal from the order dated February 25, 1986, is dismissed, without costs or disbursements, as an order directing a judicial hearing to aid in the disposition of a motion is not appealable as of right (see, Palma v Palma, 101 AD2d 812; Perez v Perez, 100 AD2d 962); and it is further,

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as no appeal lies from a judgment entered upon the default of the appellant (see, Podolsky v Podolsky, 119 AD2d 740; Bohlman v Bohlman, 114 AD2d 832, lv dismissed 67 NY2d 606, 904); and it is further,

Ordered that the appeal from the order dated November 3, 1986, is dismissed, without costs or disbursements, as that order was superseded by the order dated January 13, 1987, made upon reargument, and it is further,

Ordered that the order dated January 13, 1987, is modified by deleting that portion which denied that branch of the husband's motion which was for exclusive possession of the marital home; as so modified, the order dated January 13, 1987, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on that issue; and it is further,

Ordered that the order dated November 3, 1986, is modified accordingly.

The wife was granted a judgment of divorce upon the husband's failure to appear at the trial. The judgment awarded the wife exclusive possession of the marital home in Connecticut provided she moved into the home within 45 days of the inquest. At the time of the inquest, the wife was living with the children in Michigan. The husband sought exclusive possession of the marital residence approximately a year after

the date of the inquest, alleging that the wife failed to comply with the 45-day time limit. The court erred in summarily denying that branch of the husband's motion. The court had relied upon a Connecticut Superior Court order dated August 28, 1986, which temporarily enjoined the husband from entering the marital home based on the wife's allegations of physical abuse. The Connecticut order did not resolve the parties' conflicting claims to exclusive possession of the marital residence under the divorce judgment. The matter should be remitted to the Supreme Court, Queens County, for a hearing since the parties' affidavits present an issue of fact as to whether the wife complied with the 45-day time limit in the judgment.

The court properly denied the husband's motion for cancellation of child support arrears due to the wife's alleged interference with his visitation rights. Although the wife moved to Michigan with the children in 1982, the record discloses that the husband did not seek to modify the temporary child support order on that ground. Instead, he failed to make the required payments. The husband did not appear at the divorce trial when a permanent child support award was made and, rather than seeking a modification of the award, he continued to refuse to make support payments.

The husband contends that the August 1986 amendment to Domestic Relations Law § 241, which prohibits the cancellation of child support arrears due to interference with visitation rights, is not retroactive. The husband, therefore, asserts that the wife's alleged interference with his visitation rights is a defense to pre-August 1986 support arrears. This court recently held that this amendment to Domestic Relations Law § 241 is not retroactive (see, Fuerst v Fuerst, 131 AD2d 426). Nevertheless, that branch of the husband's motion which was to cancel child support arrears should be denied under Domestic Relations Law § 244 because he failed to obtain an order modifying his support obligation prior to the accumulation of the arrears (see, e.g., Miller v Miller, 117 AD2d 719; Vigo v Vigo, 97 AD2d 463; cf., Courten v Courten, 92 AD2d 579).

Finally, the court properly denied that branch of the husband's motion which was for a stay of an income execution pursuant to CPLR 5241 to collect child support payments pursuant to CPLR 5241. The husband failed to allege a "mistake of fact" which would permit him to contest the income execution (CPLR 5241 [e]). Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.