■ LETITIA J. O'BRIEN, Respondent, v THOMAS J. O'BRIEN, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated July 30, 1976, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Imperato, J.H.O.), entered September 17, 1986, as, upon the plaintiff wife's motion, awarded her alimony arrears in the sum of $7,360, child support arrears in the sum of $2,980, and counsel fees in the sum of $1,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

The hearing court determined that the defendant husband, who concededly failed to make the court-ordered alimony payments, did not demonstrate good cause for his failure to make an application for relief from the alimony and child support provisions of the judgment of divorce prior to the accrual of the arrears (see, Domestic Relations Law § 244). The fact that the plaintiff wife was able to be self-supporting "did not automatically relieve [the husband] from alimony" (see, Cranford v Cranford, 112 AD2d 129, 130; Hyman v Hyman, 56 AD2d 337, 338), particularly since there was no testimony as to the wife's expenses and liabilities. Further, the record does not support the husband's claim that the wife had waived her entitlement to the accrued alimony payments.

With respect to the arrears of child support payments required to be paid to the wife, we find no merit to the defendant's contention that he had already paid these sums by making voluntary payments directly to his daughter or to third parties on his daughter's behalf.

Finally, the record before us does not provide a basis for modifying or eliminating the award of counsel fees. Brown, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.