■ In the Matter of PATRICIA McKEEGAN, Respondent, v FRANK BOSE, Appellant.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the appeal is from an order of the Family Court, Richmond County (Leddy, J.), dated October 2, 1987, which, *inter alia,* awarded the petitioner $21,311 in child support arrears.

Ordered that the order is affirmed, with costs.

The parties were divorced in New York in 1976 and pursuant to the terms of the judgment, the appellant was obligated to pay the sum of $60 per week for the support of their two children. In 1986, the petitioner, who was then living in Florida with the two children, filed a petition for child support and arrears, asserting that the appellant had failed to pay child support since 1978. The petition was forwarded to the Clerk of the Family Court, Richmond County, for proceedings pursuant to the Uniform Support of Dependents Law.

The appellant opposed any award for child support arrears on the ground that the petitioner's interference with his visitation rights excused any failure to comply with his support obligation. He also asserted that any claim for arrears should be barred by laches.

In a decision dated June 24, 1987, the Family Court found, *inter alia,* that pursuant to Domestic Relations Law § 241, interference with visitation rights may not be asserted as a defense in a proceeding to enforce payment of child support arrears. The petitioner concedes on appeal that it was error to apply Domestic Relations Law § 241, as amended in 1986 (L 1986, ch 892, § 7), retroactively to absolutely bar consideration of such a defense to an application for arrears which accrued prior to the amendment *(see, Serafimovs v Serafimovs,* 134 AD2d 422; *Fuerst v Fuerst,* 131 AD2d 426). Nonetheless, the decision of whether or not to excuse the child support arrears rested within the sound discretion of the court *(see, Courten v Courten,* 92 AD2d 579). At bar, the Family Court also based its decision on the alternative ground that appellant never sought judicial relief from his support obligation, nor did he present a good cause for his failure to do so. It is well recognized that that ground constitutes a proper basis for a court, in the exercise of discretion, to deny a request to cancel child support arrears *(see, Serafimovs v Serafimovs, supra; Miller v Miller,* 117 AD2d 719; *Story v Brady,* 114 AD2d 1026; *Matter of Lee v De Haven,* 87 AD2d 576).

Furthermore, the appellant failed to establish that the petitioner should be barred by either the doctrines of laches or waiver from seeking to enforce his child support obligation *(see, Maule v Kaufman,* 33 NY2d 58, *rearg denied* 33 NY2d 940; *Thompson v Lindblad,* 125 AD2d 460; *Cranford v Cranford,* 112 AD2d 129). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.