■ HELEN PINCUS et al., Plaintiffs, v FAMILY DENTAL SERVICES et al., Defendants. (Action No. 1.) HELEN PINCUS et al., Plaintiffs, v MICHAEL LEIDER, Defendant. (Action No. 2.) CHARLES BERKMAN, Nonparty Appellant; LEVY, PHILLIPS AND KONIGSBERG, Nonparty Respondent.—In actions to recover damages for dental malpractice, Charles Berkman, the prior counsel for the plaintiffs appeals from so much of an order of the Supreme Court, Queens County (Sacks, J.), dated November 7, 1986, as, upon a motion by the plaintiffs' current counsel for a determination of the distribution of fees and expenses, and upon the appellant's default in appearing at the hearing on the motion, awarded him a fee of only $2,000 and disbursements of only $3,000.

Ordered that the appeal is dismissed, with costs, without prejudice to an application at the Supreme Court, Queens County, for leave to vacate the appellant's default.

The appellant failed to appear at a hearing on the motion by the plaintiffs' current counsel for a distribution of fees and expenses following settlement of the plaintiffs' negligence action. The court held an inquest, at which the current counsel presented testimony, and issued its order based on that testimony. An order entered upon an uncontested inquest after a default is not reviewable on appeal *(see, e.g., Bohlman v Bohlman,* 114 AD2d 832, *lv dismissed* 67 NY2d 606, 904; *Katz v Katz,* 68 AD2d 536; CPLR 5511). Inasmuch as the appellant contends that he did not receive notice of the hearing and that he would have submitted evidence at the hearing to justify an award of a greater portion of the fees and expenses to him, the proper remedy is for the appellant to move to open his default. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.