■ PAMELA M. DAVENPORT, Respondent, v RAYMOND W. DAVENPORT, Appellant.—In a matrimonial action in which the parties were previously divorced, the defendant appeals (1) from an order and judgment (one paper) of the Supreme Court, Kings County (Corso, J.H.O.), dated December 30, 1987, which, after a hearing, granted so much of the plaintiff's motion as was for a judgment for arrears in the principal amount of $21,369.75 and an income deduction or, in the alternative, required the defendant to post security in the amount of $25,000; and (2) from an order and judgment (one paper) of the same court, dated February 19, 1988, which, after a hearing, granted the plaintiff's motion for counsel fees payable by the defendant in the principal amount of $4,500.

Ordered that the orders and judgments are affirmed, with one bill of costs.

The defendant claimed at the hearing on the plaintiff's motion that she had wrongfully interfered with his visitation with his children and moved out of State in violation of the parties' separation agreement. This conduct, he asserted, excused his failure to pay child support. He contends on appeal that the court erroneously rejected his defense by giving retroactive effect to the 1986 amendment of Domestic Relations Law § 241 which precludes cancellation of child support arrears on such grounds. Although we agree that the statute as amended was not applicable with respect to the arrears which had accrued prior to its effective date of August 5, 1986 (see, Fuerst v Fuerst, 131 AD2d 426), the award of arrears

herein was nevertheless proper because the defendant's claims failed to establish good cause for his failure to seek a court order modifying his child support obligation *(see, Miller v Miller,* 117 AD2d 719; *Matter of Lee v De Haven,* 87 AD2d 576).* The court's finding that the plaintiff's move to Florida to live with her parents was necessitated by the defendant's failure to pay child support was supported by the hearing testimony *(cf., Matter of Lee v De Haven, supra).*

The court correctly computed the accrued arrears and its award of interest and counsel fees was proper based on a finding that the defendant's default was willful (Domestic Relations Law § 237 [c]; § 244). Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.