■ ANNE PARTRIDGE, Appellant-Respondent, v HARVEY D. MYERSON, Respondent-Appellant, and HENRY PARTRIDGE, Additional Counterclaim Defendant.—In an action, *inter alia,* to recover damages for breach of a separation agreement, the plaintiff wife appeals from stated portions of an order of the Supreme Court, Nassau County (Burke, J.), dated January 23, 1989, which denied her motion for summary judgment, *inter alia,* dismissing the defendant husband's counterclaims and affirmative defenses and for summary judgment in the plaintiff's favor for arrears of maintenance and child support and for counsel fees, and the defendant cross-appeals from stated portions of the same order which, *inter alia,* denied his cross motion for summary judgment.

Ordered that the defendant's cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is modified, by (1) deleting the provisions thereof which denied those branches of the motion which were for summary judgment on the plaintiff's first, third, fifth, sixth and seventh causes of action, so much of the plaintiff's second cause of action as is for reimbursements for summer camp expenses, and so much of her fourth cause of action as is for reimbursement for college tuition, books and supplies.for the parties' daughter Jill, and substituting therefor provisions granting partial summary judgment on the issue of liability on those branches of the motion, (2) deleting the provisions thereof which denied those branches of the motion which were for summary judgment dismissing the defendant's first, second, third, fourth, fifth, sixth, seventh and eighth affirmative defenses, and substituting therefor provisions granting those branches of the motion, and dismissing those affirmative defenses, and (3) deleting the provisions thereof which denied those branches of the motion which were for summary judgment dismissing the defendant's first, second, third and fourth counterclaims, and substituting therefor

provisions granting those branches of the motion and dismissing those counterclaims insofar as they are asserted against the plaintiff, and upon searching the record, dismissing the second and third counterclaims insofar as they are asserted against the additional counterclaim defendant Henry Partridge; and it is further,

Ordered that as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount owed by the defendant on the plaintiff's first cause of action for maintenance arrears, so much of her second cause of action as is for summer camp expenses, on her third cause of action for medical and dental expenses, on so much of her fourth cause of action as is for college tuition, books, and supplies for the parties' daughter Jill, on her fifth cause of action for counsel fees, on her sixth cause of action for reimbursement for psychiatric expenses incurred prior to July 31, 1977, and on her seventh cause of action for certain air travel expenses, and for a determination as to whether the separation agreement obligates the defendant to reimburse the plaintiff for summer school expenses demanded in the plaintiff's second cause of action and the cost of an automobile for the parties' daughter Jill demanded in the plaintiff's fourth cause of action and for a determination of what causes of action are barred by the six-year Statute of Limitations.

The plaintiff and the defendant in this action were divorced in 1975 pursuant to a Dominican Republic divorce judgment. A separation agreement survived and was not merged in that judgment.

The agreement provided for joint custody of the parties' three daughters, all of whom were to reside with the plaintiff. Later, one of the children moved to live with defendant. Pursuant to the agreement, the defendant was obligated to provide support and maintenance to the plaintiff for her life, to be reduced in 1991 after all the children reached their majority, with a further reduction but not elimination in the event she remarried. The defendant was not obligated to make separate periodic child support payments but was required to pay for varied expenses incurred on behalf of the children, including expenses for summer camp, medical treatment, college education and transportation. The agreement placed no restriction on the plaintiff's place of residence or change of residence, nor did it condition maintenance for the plaintiff or support for the children on the plaintiff's residence. It provided no specific schedule for the time the children would

spend with their father. Arrangements consented to by both parents provided time for the children with the defendant on certain week nights and weekends.

In the summer of 1981, prior to her remarriage to Henry Partridge (the additional defendant on the counterclaims), the plaintiff informed the defendant that she would be moving with the children who were still living with her, from Pelham in Westchester County to Muttontown in Nassau County in order to be close to her future husband's established medical practice. After she and the children moved, the defendant stopped payment of his support and maintenance obligations. In September 1981 the plaintiff and Dr. Partridge wed.

Thereafter, in 1982, the plaintiff commenced the instant action, *inter alia,* to recover arrears of maintenance, and for reimbursement of certain expenses she incurred on behalf of the children. In his answer, the defendant alleged that he did not owe any of the sums claimed because the plaintiff had breached the separation agreement by moving to Muttontown, thereby denying him convenient access to his children during week nights which he previously had enjoyed. In his various counterclaims alleging, *inter alia,* a conspiracy between the plaintiff and Dr. Partridge to interfere with his relationship with his children and intentional infliction of emotional distress, the defendant sought approximately $10,000,000 in damages. The Supreme Court, Nassau County (Burke, J.), denied the parties' motions for summary judgment by order dated January 23, 1989. This appeal and cross appeal followed.

Initially, the defendant's cross appeal is dismissed as abandoned, because the defendant in his brief asks for the affirmance of the order cross-appealed from.

Turning to the merits, we hold that the plaintiff's move from Pelham to Muttontown, a distance of approximately 35 miles, does not, as a matter of law, constitute a breach of the separation agreement by depriving the defendant of his right to visitation *(see, Matter of Schouten v Schouten,* 155 AD2d 461; *Blundell v Blundell,* 150 AD2d 321, 322-324; *Zaleski v Zaleski,* 128 AD2d 865, 866). The separation agreement contains no radius clause restricting the removal of the plaintiff's residence, and in fact explicitly provides that each party "shall be free to reside, from time to time, at such place or places as she or he may deem fit". The defendant offered no evidence to show that the plaintiff acted in other than good faith when she moved to Muttontown to be closer to her new husband's medical practice. Further, the record indicates that

the plaintiff was very cooperative in permitting the defendant liberal access to the children, before and after the move.

Moreover, it was wholly improper for the defendant to take it upon himself to suspend maintenance and child support payments absent a court order. Such self-help is not countenanced (see, Serafimovs v Serafimovs, 134 AD2d 422, 424; Matter of McKeegan v Bose, 141 AD2d 731, 732; Matter of Lee v De Haven, 87 AD2d 576; see also, Miller v Miller, 117 AD2d 719, 720).

The express terms of the parties' separation agreement unconditionally obligated the defendant to pay maintenance (demanded in the plaintiff's first cause of action), summer camp expenses (demanded in the plaintiff's second cause of action), medical expenses (demanded in the plaintiff's third cause of action), and college education expenses (demanded in the plaintiff's fourth cause of action) for the children. However, questions of fact exist as to whether the defendant's obligations to pay for summer school and the purchase of a new car for the parties' daughter Jill are encompassed by the agreement, and these matters are remitted to the Supreme Court, Nassau County, to determine.

The defendant does not deny that he agreed orally to pay the airfare expenses sought in the plaintiff's seventh cause of action and that he agreed by letter dated July 30, 1975, to pay certain other psychiatric expenses for the children sought in the plaintiff's sixth cause of action, so that summary judgment on these issues is appropriate.

Since the plaintiff incurred counsel fees to enforce the provisions of the separation agreement and subsequent agreements between her and the defendant, she is entitled to reimbursement pursuant to the provisions of the separation agreement. However, she is only entitled to reasonable counsel fees, the amount which must be determined by the court after a hearing.

With the exception of defendant's ninth affirmative defense, the defendant's counterclaims and affirmative defenses all fail to state legally cognizable or meritorious claims and are dismissed.

We dismiss the defendant's first affirmative defense which claimed that the plaintiff breached the separation agreement by removing to Long Island, since the plaintiff's move approximately 35 miles away from the former marital residence, as a matter of law, does not constitute a breach.

The defendant's second affirmative defense and first coun-

terclaim likewise state neither a defense nor a separate cause of action recognized at law since the defendant relies upon no court order allegedly breached and he has ignored established statutory procedures (CPLR 5104; Judiciary Law §§ 753, 756).

The defendant's third and fourth affirmative defenses and second and third counterclaims allege a conspiracy between the plaintiff and her new husband to interfere with the defendant's relationship with the children by moving from Westchester County to Nassau County, and a further conspiracy by the plaintiff and Dr. Partridge to maximize the defendant's support obligations under the agreement by living together before being married. The defendant claims these "conspiracies" breached the parties' separation agreement and he seeks compensatory and punitive damages in excess of $2,000,000. We deem these contentions entirely without merit. The defendant, in demanding punitive damages, ignores the fact that punitive damages are almost never available in actions to recover damages for breach of contract *(see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354). His multimillion dollar damage claim based upon contentions that the plaintiff and her husband conspired to delay their marriage in order to assure the plaintiff maximum support is made notwithstanding the fact that the agreement neither bars the plaintiff from cohabiting with a man out of wedlock nor reduces her support entitlement even if she were to hold herself out as a wife in a de facto marriage *(see, Karl v Karl,* 138 AD2d 354). The notice of appeal states that only the plaintiff is an appellant. However, we have exercised our power to search the record on the motion and the cross motion and thereupon to grant summary judgment to Dr. Patridge dismissing the counterclaims against him *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111).

The defendant's fourth counterclaim alleges intentional infliction of emotional distress caused, *inter alia,* by plaintiff's sale of *her* engagement ring, and *her* mink coat, by making disparaging remarks to the children, and again by changing her place of residence upon remarriage. On this counterclaim, the defendant asks compensatory and punitive damages of $7,000,000. The alleged conduct, as a matter of law, fails to state a cause of action. In order to state a claim for intentional infliction of emotional distress, the conduct alleged must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community' " *(Murphy v American Home Prods. Corp.,* 58

NY2d 293, 303, quoting from Restatement [Second] of Torts § 46 [1], comment *d; see also, Eller v Eller,* 136 AD2d 678; *Ressis v Herman,* 122 AD2d 516; *Weicker v Weicker,* 22 NY2d 8; *Fischer v Maloney,* 43 NY2d 553).

The defendant's fifth, sixth, seventh and eighth affirmative defenses alleging, *inter alia,* estoppel, waiver and unclean hands, are dismissed in view of his failure to present any proof that the plaintiff breached or waived the agreement.

Of his nine affirmative defenses and counterclaims, only the defendant's ninth affirmative defense may be valid as applied to certain claims under the agreement. This affirmative defense alleges that the Statute of Limitations bars claims under the agreement which antedate the service of the summons and complaint by more than six years (CPLR 213 [2]; *Tauber v Lebow,* 65 NY2d 596; *Story v Brady,* 114 AD2d 1026). We note that claims asserted in the amended complaint relate back to the date of commencement of the action (CPLR 203 [e]). The Statute of Limitations issue is remitted to the trial court for determination of which claims, if any, are time barred along with the other related issues of fact.

In the nine years since the plaintiff moved to Nassau County, the defendant has failed to initiate any proceeding to modify visitation or custody *(see, Eller v Eller, supra; McGrady v Rosenbaum,* 62 Misc 2d 182, 188, *affd* 37 AD2d 917). He has chosen instead to violate the parties' separation agreement by withholding support, and to help himself to the relief he failed to seek through appropriate procedures. Furthermore, 8 of the 9 affirmative defenses and the 4 counterclaims which he interposed in defense to the plaintiff's legitimate claims are dismissed herein as a matter of law, and are deemed frivolous. While, the defendant, a well-known, experienced attorney, represented by major law firms in which he is a prominent partner, may be financially capable of prolonged frivolous litigation, the burdens of such litigation upon both the plaintiff and the judicial process are unconscionable. Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.