■ CHERIE KERPEN, Respondent, v KENNETH KERPEN, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (De Maro, J.), dated February 14, 1989, as granted that branch of the plaintiff wife's motion which was to fix arrears in child support and maintenance due pursuant to a pendente lite award in the principal sum of $5,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well established that voluntary payments made by a parent for the benefit of his or her children and not pursuant to a court order may not be credited against amounts owing under such order (see, Horne v Horne, 22 NY2d 219; O'Brien v O'Brien, 136 AD2d 531; Fabrizio v Fabrizio, 125 AD2d 634; Soltow v Soltow, 47 AD2d 652). The trial court properly refused to credit the husband with voluntary payments made

on behalf of the children for camp and clothing and on behalf of the wife for "club and other items" towards the sum of money owing under the pendente lite order.

There is no merit to the husband's claim that he ought not be required to make payments for the two girls when they are not with their mother, as the wife's expenditures for each child are unevenly distributed throughout the year and the suspension of support payments for a brief period when the children are not with her would be inequitable *(see, Frank v Frank,* 65 AD2d 599). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.