OPINION OF THE COURT
William P. Warren, J.
This court has before it objections to the decision and order of Hearing Examiner Miklitsch dated April 4, 1994. The petitioner, represented by the County Attorney of Rockland County, objects to the dismissal of her petition brought under article 3-A of the Domestic Relations Law which sought enforcement of a Kings County Family Court order of support and collection of arrears.
On January 24, 1994 the petitioner, Marsha Dow, filed with this court a petition under article 3-A of the Domestic Relations Law of the State of New York (Uniform Support of Dependents Law [USDL]). Petitioner was a resident of Queens County, New York. Consequently, the clerk of the Queens County Family Court forwarded the petition, along with a certificate signed by a Judge of that county, to the Rockland County Family Court wherein the respondent resides. On March 8, 1994 the matter appeared on the calendar of the Hearing Examiner of this court. Petitioner was represented by the office of the Rockland County Attorney and the respondent was represented by private counsel. The Hearing Examiner dismissed the petition on that date and a formal order was signed on April 4, 1994. In said order, the Hearing Examiner stated as the reason for the dismissal, "a New York order is not a foreign order under statute.” The petitioner has objected to this determination. Respondent has not interposed a rebuttal.
The issue to be decided is whether a petitioner who is a resident or domiciliary of one county of the State of New York can maintain a proceeding under article 3-A of the Domestic *1015 Relations Law to enforce the terms of a New York State order of child support against a respondent who is a resident or domiciliary of another county of the State of New York.
Petitioner herein had requested in her petition that an order be entered for the payment of arrearages, enforcement of a current support order and other relief. Annexed to the petition was a certified copy of an order of the Family Court of the State of New York, Kings County, dated January 5, 1993, issued by Hearing Examiner R. Spegele, ordering child support.
The order of the Hearing Examiner which dismissed the instant proceeding stated that a New York order is not a foreign order under statute. Article 3-A of the Domestic Relations Law is entitled the Uniform Support of Dependents Law. It is New York State’s version of the Uniform Reciprocal Enforcement of Support Act and Revised Uniform Reciprocal Enforcement of Support Act. The purpose of these statutes is to afford an expeditious and pragmatic remedy without the necessity of appearing in the resident defendant’s or respondent’s State. Through the enactment of Domestic Relations Law § 35 New York State has chosen to make available to New York residents the benefits of bringing a proceeding under Domestic Relations Law article 3-A. That section defines the terms "initiating state” and "responding state” to include "initiating county” and "responding county” wherever the petitioner and respondent are residents or domiciliaries of different counties of the same State.
Section 37-a of article 3-A of the Domestic Relations Law establishes a procedure whereby support orders of another State may be registered in New York State. This procedure allows an absent petitioner to seek enforcement of an out-of-State order once registration has been accomplished. In fact, subdivision (6) of Domestic Relations Law § 37-a reads: "(a) Upon registration the registered foreign support order shall be enforced and satisfied in the same manner as a support order issued by a court of this state.” It is clear to this court from a reading of Domestic Relations Law § 37-a that the Hearing Examiner was correct in determining that a New York State order is not a foreign support order as that term is used in section 37-a and, therefore, it cannot be registered under that section. The afore-quoted subdivision makes it perfectly clear that the registration process is for the purpose of placing a foreign support order in the same position as an order of the State of New York so that such an order may achieve the *1016 same level of enforcement capability that an order of the State of New York already has. Therefore, it would be nonsensical to interpret Domestic Relations Law § 37-a as including within its ambit orders of the State of New York. However, while the procedure set forth in Domestic Relations Law § 37-a is not applicable to a New York child support order, nonetheless, for the reasons set forth below, a petitioner from one county of the State of New York may seek enforcement of a New York child support order through article 3-A of the Domestic Relations Law and, therefore, the Hearing Examiner erred in dismissing the proceeding.
Case law has held that article 4 of the Family Court Act may be interpolated into Domestic Relations Law article 3-A. In 1968 the New York Court of Appeals decided the case of Matter of Murdock v Settembrini (21 NY2d 759). A Pennsylvania petitioner commenced a proceeding which was referred to Family Court, Westchester County, pursuant to the USDL (Domestic Relations Law art 3-A). One of the decisions made by the Family Court was to award counsel fees to the petitioner. On appeal it was argued that the Family Court had no jurisdiction to award counsel fees since the proceeding was under article 3-A of the Domestic Relations Law rather than article 4 of the Family Court Act. The Appellate Division affirmed the Family Court determination (26 AD2d 953) and the Court of Appeals similarly affirmed. While no opinion was written by the Court, the affirmance implicitly accepted the Family Court determination that counsel fees, although not specified as available in Domestic Relations Law article 3-A, may be awarded since the authority for such an award is found in article 4 of the Family Court Act.
In Matter of Lee v De Haven (87 AD2d 576), the Second Department was reviewing a determination of the Family Court, Nassau County, which, inter alia, directed entry of a money judgment for arrears in a proceeding under article 3-A of the Domestic Relations Law. Appellant therein argued that the Family Court did not have jurisdiction to enter a money judgment since Domestic Relations Law article 3-A did not explicitly give the court such authority. In rejecting such a contention the Court held: "Appellant’s argument that the Family Court lacked jurisdiction to enter a money judgment for arrears is without merit. While such jurisdiction is not explicitly conferred by section 34 of the Domestic Relations Law, it is conferred by subdivision 1 of section 460 of the Family Court Act, which is made applicable to proceedings *1017 under the Uniform Support of Dependents Law by subdivision 1 of section 37 of the Domestic Relations Law (see Matter of Gemmiti v Beagle, 94 Misc 2d 588).” (Matter of Lee v De Haven, supra, at 576-577.)
More recently the Appellate Division once again recognized the tendency to make certain provisions of article 4 of the Family Court Act applicable to USDL proceedings. (See, Matter of Martin v Martin, 127 AD2d 266, citing Matter of Murdock v Settembrini, 21 NY2d 759, supra; Matter of Schneider v Schneider, 72 Misc 2d 423; Griffin v Griffin, 89 AD2d 310; Sorbello v Cook, 93 Misc 2d 998.) That same decision recognized that questions have been raised about interpolation of Family Court Act article 4 into Domestic Relations Law article 3-A, especially since the latter statute (Domestic Relations Law § 41 [1]) explicitly makes the USDL procedure a separate and additional remedy.
If some of the provisions of article 4 of the Family Court Act may be interpolated into article 3-A of the Domestic Relations Law, may this court similarly interpolate a provision of part 7 of article 1 of the Family Court Act, to wit, section 171, which reads:
"Enforcement or modification of orders in other county
"A lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found.”
Clearly, that language establishes that an order of the Family Court may be enforced in any county where a respondent resides. If that be the case, must a petitioner bring such a proceeding through article 4 of the Family Court Act or may they choose to avail themselves of the procedures available under article 3-A of the Domestic Relations Law? This court holds that a petitioner seeking enforcement of a New York Family Court order may elect to proceed through a petition under article 3-A of the Domestic Relations Law.
Additional support for this position can be found in Family Court Act § 171-a and its legislative history. The section reads: "Upon a petition to enforce or modify an order of support made pursuant to article four, five or five-A of this act, or pursuant to article three-A of the domestic relations law, the court shall not require a petitioner to proceed in accordance with the uniform support of dependents proceedings set forth in article three-A of the domestic relations law.” This lan *1018 guage demonstrates a legislative intention to give petitioners an option when they seek to enforce an order of support made pursuant to article 4 of the Family Court Act. The section was enacted in 1986 by the Legislature in chapter 892 of the Laws of 1986 in response to concerns that petitioners who did not reside in the same county as respondents were being required to proceed by way of Domestic Relations Law article 3-A. While the Legislature made clear that petitioners could not be required to proceed in that fashion, they left open the option for petitioners when they stated "the court shall not require a petitioner to proceed in accordance with the uniform support of dependents proceedings”. Had they intended to prohibit enforcement through the USDL they could have easily added language so stating. (See, Governor’s Program Bill, Bill Jacket, L 1986, ch 892, Statements in Support of "New York State Support Enforcement Act of 1986”, para [e], at 2.)
It is without question that a petitioner from a foreign State can seek to register a child support order in this State and thereafter seek enforcement as if it were a New York State order. (See, Domestic Relations Law § 37-a.) By doing this the absent petitioner may avail himself/herself of the services of the local County Attorney whose duty it is to represent such a petitioner. (See, Domestic Relations Law § 31 [7]; § 39.) They need not personally appear to prosecute their proceeding. (See, Domestic Relations Law § 37.) These services are available to out-of-State petitioners regardless of whether they reside in Bergen County, New Jersey, a county contiguous to Rockland County, or Orange County, California, a county 3,000 miles away. In this court’s view, the Legislature of the State of New York did not intend to deny to a New York State petitioner from another county the same services available to petitioners from other States. In fact, it may be far more difficult for a petitioner from Erie County, New York, to appear and represent himself/herself in Rockland County than it would be for a petitioner from Bergen County, New Jersey, to do so. Merely by interpolating the provisions of part 7 of article 1 of the Family Court Act into Domestic Relations Law article 3-A, New York State petitioners will have the authority to enforce their New York State orders under article 3-A of the Domestic Relations Law, a remedy clearly available to petitioners from other States. This court finds that there is good and sufficient reason in both law and equity to so hold.
*1019 For the foregoing reasons the objections to the order of the Hearing Examiner are upheld and the matter is remanded to the Hearing Examiner for hearing on the issues raised by the petition filed by the petitioner on January 4, 1994.