■ ISRAELLA MAYERI, Respondent, v HAROLD MAYERI, Appellant. [632 NYS2d 833] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of (1) an order and judgment (one paper) of the Supreme Court, Queens County (Dunkin, J.), dated September 8, 1993, as, after a hearing (Modugno, J.H.O.), *inter alia,* (a) granted the plaintiff wife custody of the parties' infant daughter, (b) directed him to pay weekly child support retroactive to the date of commencement of the action, and (c) awarded the plaintiff exclusive occupancy of the marital residence until the parties' child reaches the age of majority; and (2) an order and judgment (one paper) of the same court, dated August 16, 1994, as awarded to the plaintiff a money judgment in the amount of $10,221.96 for child support arrears.

Ordered that the order and judgment dated September 8, 1993, is modified by adding thereto a provision deeming the defendant's application for an adjournment to be an application to amend his answer to assert a counterclaim for equitable distribution of the plaintiff's law license, and granting the application; as so modified, the order and judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for further proceedings and a determination on the issues of the value of the plaintiff's law license and the extent, if any, to which the defendant is entitled to a share of that value pursuant to principles of equitable distribution; and it is further,

Ordered that the order and judgment dated August 16, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is well settled that a professional license acquired by one spouse during the marriage constitutes marital property subject to equitable distribution *(see, O'Brien v O'Brien,* 66 NY2d 576). Moreover, the economic and non-economic contributions of the other spouse to the acquisition of the license are to be considered in determining that spouse's equitable share in the increased earning capacity which the license represents *(see, O'Brien v O'Brien, supra).*

While the testimony adduced in this case established that

the defendant provided no direct financial contributions toward the acquisition of the plaintiff's law license, it appears that the defendant cared for the parties' child and contributed to the financial support of the family while the plaintiff was engaged in legal studies. Therefore, an issue has been raised regarding whether the defendant may be entitled to an equitable share in the value of the plaintiff's law license. Under these circumstances, the court should have granted the defendant's application for an adjournment to enable him to produce expert testimony regarding the value of the license, and the court also should have determined the extent, if any, to which the defendant is entitled to an equitable share thereof. Accordingly, we remit the matter for a hearing and determination of these issues.

Contrary to the defendant's contention, the court did not err in refusing to award him a credit toward child support arrears for payments he voluntarily made in connection with, inter alia, his daughter's orthodontic expenses and Bat Mitzvah party (see, Horne v Horne, 22 NY2d 219; see also, Lefkow v Lefkow, 188 AD2d 589; Matter of Hamlin v Kirnan, 186 AD2d 1038; Kerpen v Kerpen, 172 AD2d 496; O'Brien v O'Brien, 136 AD2d 531).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.