Keating, J.
Mary and Kenneth Horne were married on September 22, 1945 in Northport, New York. Their marriage unfortunately was terminated by a judgment of divorce entered by the Third Civil Court for the Bravos District of Chihuahua, Mexico. The decree incorporated the provisions of a separation agreement which the parties had entered into prior to the divorce.
The separation agreement contained a provision outlining the obligations of Mr. Horne for the support of the two children of the marriage, Kenneth Jeffrey and Janet Bushnell Horne. The paragraph which is the subject of this litigation reads as follows: “The husband agrees to provide for the major expenses of the children, to wit: education; medical; dental and optical care; tuition and board; clothing, etc., until each child has attained the age of twenty-one years or sooner becomes emancipated. The husband shall also pay the sum of Three Hundred Dollars ($300.00) per year per child as an allowance for sundry items required by each child. The wife agrees to render to the husband an accounting reflecting the expenditures of the said $300.00 per annum per child.”
The issue raised in this action to recover sums expended for food and shelter for the children by their mother, to whom custody of the children was awarded, is whether the father agreed to assume responsibility for the payment of such expenditures under the terms of the agreement and, if not, *222 whether the plaintiff may recover on the theory that the expenditures were for ‘ ‘ necessaries ’ ’ for which the father would be responsible, independent of the agreement.
The Supreme Court (Special Term) granted judgment in the sum of $5,777.41 for the expenditures made for food and shelter. The Appellate Division (Second Department) modified the judgment (with one Justice concurring in result and one dissenting) and held that, under the provisions of the agreement, the husband did not agree to assume liability for such expenditures and that the plaintiff was not entitled to reimbursement under the theory that they were for “ necessaries ” since the agreement as incorporated by the Mexican decree was the sole measure of the father’s responsibility for past expenditures made by the plaintiff.
On this appeal the plaintiff argues that the Appellate Division’s construction of the agreement was erroneous and that, even if the construction was correct, the court erred in holding that the agreement, as incorporated in the divorce decree, limited the defendant’s liability for “ necessaries ”. We believe that the Appellate Division properly rejected both these arguments.
If the agreement obligating the defendant to provide ‘ ‘ for major expenses of the children” is to have any meaning at all it must be read to exclude payment for such ordinary living expenses as food and shelter which are, in essence, merely incidental to the custody of the children. The agreement was intended by the parties to cover the cost of educating, clothing and providing medical care and not ordinary living expenses. Any other reading of it would render the entire clause superfluous, since the parties could have provided that the father would assume complete responsibility for all the expenditures made by the mother on the children’s behalf rather than provide reimbursement for “ major expenses” as well as a specified sum for “ sundry items ”.
The plaintiff’s argument that the father is responsible for the expenditures made for food and shelter, independent of the agreement, is without merit. The rule is well settled that, where provision for support is made in a divorce decree, the decree delimits the father’s responsibility until modified by the court. (Crane v. Crane, 199 Misc. 980, affd. 281 App. Div. *223 671 [1st Dept.], mot. for lv. to app. den. 305 N. Y. 929; Karminski v. Karminski, 260 App. Div. 491 [1st Dept.] ; Friou v. Gentes, 11 A D 2d 124 [2d Dept.].) A recognized exception to the rule obtains where the divorce decree makes no provision for the support of the children. Under these circumstances it has been held that the decree would not relieve a father of his responsibilities (Laumeier v. Laumeier, 237 N. Y. 357; Family Ct. Act, § 461, subd. [a]).
The appellant urges that the agreement here comes within the exception since no provision is made with regard to payments for expenditures for food and shelter. We cannot agree. The agreement of the parties, as incorporated in the decree, seeks to limit the father’s liability in terms of particular expenditures for which he would be responsible rather than by placing a dollar limit on a general support provision. Merely because the parties have chosen the former course is no reason to permit one of them unilaterally to alter the terms of the decree. Once the issue of support has been submitted to the court and provision has been made in the decree, the only recourse of a party desiring a change is through a proceeding to modify the decree (Family Ot. Act, § 461, subd. [b]).[1] In the instant case the question of support was considered by the court and acted upon by it in the divorce decree. Since the plaintiff did not obtain a modification of the decree she may not recover for items which the father was not obligated to provide.
An additional point remains for our consideration. The Supreme Court, in addition to awarding $5,730 for food and housing expenses, allowed the plaintiff $2,327.41 for educational, clothing and sundry expenses, giving a combined total of $8,057.41. From this total the court deducted some $2,280 for payments toward food which the defendant claimed he had made voluntarily and not under compulsion of the agreement. This action was entirely proper since, under the court’s view, the father was obligated to make such payments and he should have been given credit for them whether he made them believing that he was obligated to do so or not. The Appellate Division, however, after concluding that the defendant was not *224 obligated to provide for food and housing expenses struck out the entire award of $5,730 for those expenditures and in addition deducted the ‘ ‘ voluntary ’ ’ payments of $2,280 from the sum to which the plaintiff was concededly entitled for educational and other expenses, thus leaving a balance of $47.41.
The Appellate Division erred in deducting the amount of money which the defendant voluntarily paid from the other sums which he was obligated to pay. The general rule appears to be — and it is not disputed by the defendant — that payments made by a father to or for the benefit of his children voluntarily and not pursuant to a divorce decree may not be credited by him against other amounts due and owing under the decree (see, e.g., Taylor v. Taylor, 216 Ga. 767; Hains v. Hains, 187 Kan. 379; Bradford v. Futrell, 225 Md. 512; Newton v. Newton, 202 Va. 515).
The fact that the plaintiff did not appeal from the judgment of Special Term which originally reflected the deduction does not preclude her from raising the point now. The action of Special Term was correct, since the court determined that the defendant was responsible for expenditures for food and housing and it was only proper to deduct amounts already paid for that purpose. Once, however, the Appellate Division determined that he was not so responsible, the defendant had no right to have the sum of payments voluntarily made deducted from the sums he was obligated to pay.
For the reasons stated the order appealed from should be modified, without costs, and the case remanded to the Supreme Court to fix the liability of the defendant in accordance with the opinion herein.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.

. We have recently held that such proceeding may he commenced in the Supreme Court as well as the Family Court (Kagen v. Kagen, 21 N Y 2d 532).