■ SHEILA STEMPLER, Appellant-Respondent, v KENNETH STEMPLER, Respondent-Appellant.—In an action for divorce and ancillary relief, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), dated March 3, 1987, which, *inter alia,* awarded her maintenance and child support and provided for equitable distribution of marital property, and the defendant husband cross-appeals from so much of the same judgment as awarded the plaintiff maintenance of $300 per week and child support of $250 per week per child.

Ordered that the judgment is modified by (1) deleting from the fourth decretal paragraph the sums of $300, $250, $800 and the words "five years" and substituting therefore the sums of $400, $300, and $1,000 and the words "seven years" respectively, (2) deleting from the eighth decretal paragraph that portion beginning with the words "and in lieu of any further award of counsel fees and accountant's fees", (3) adding an additional decretal paragraph awarding the plaintiff $15,000 for attorneys' fees and $5,000 for accountants' fees, and (4) deleting the tenth decretal paragraph; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the amount of arrears due the plaintiff and on the value of the defendant's interest in S.C. & G. Farms Inc. and for the entry of an amended judgment accordingly.

In its decision the trial court valued the plaintiff's share of the marital property at $336,229 including one half of the value of the marital residence and its furnishings. However, in lieu of any cash settlement the plaintiff was awarded sole ownership of the marital residence and its furnishings, which award took into consideration her request for approximately $25,000 in attorneys' fees and $10,000 for accountants' fees. In determining the value of her share of the marital property the trial court apportioned to her one third of the net proceeds

from the sale of certain stock owned by the defendant and one third of the balance in the couple's joint bank account. The court ordered the defendant to pay child support of $250 per week for each of the parties' two daughters and maintenance to the plaintiff of $300 per week for a period of five years.

While the record reveals that the trial court did take into account all relevant factors in determining the amount and duration of the support and maintenance awards (see, Domestic Relations Law § 236 [B] [6]), we believe that an increase in the payments is warranted. Given the plaintiff's limited financial resources it will be almost impossible for her to support herself and the children on the present award, particularly in view of the cost of maintaining the marital residence. On the other hand, the evidence adduced at trial indicated that the defendant was a successful attorney with income in excess of $100,000 per year. Under these circumstances the award for maintenance should be increased to $400 per week, and the award for child support should be increased to $300 per week per child. While we agree with the reasoning of the trial court which awarded maintenance for only a limited period, because of the age of the youngest child we believe the period of maintenance should be extended to seven years. Given the plaintiff's young age and her past experience as both a teacher and real estate agent, she should be able to return to full-time employment within seven years.

The plaintiff contends that in determining the value of her share of the marital property the court should have allocated to her one half of the value of the proceeds from the sale of the Quantum Pharmics stock and one half of the balance in the parties' joint bank account. It is now well settled that equitable distribution does not mean equal distribution (see, *Shahidi v Shahidi*, 129 AD2d 627, 629). In apportioning one third of these assets to the plaintiff the court considered that her contribution toward the creation of these assets was minimal since the record revealed that the stock was an investment made solely by the defendant and the plaintiff conceded that the money in the joint bank account was contributed by the defendant. Accordingly, we see no reason to disturb this portion of the court's determination.

In valuing the defendant's law practice the court rejected the testimony of the plaintiff's expert as confusing and rejected as "too low to be even arguably accurate" the value computed by the defendant's expert. Based on the testimony and exhibits presented at trial the court placed the value of the law practice at $140,000. The plaintiff claims that this

amount significantly undervalues the practice. While it is clear that a law practice is subject to equitable distribution, this court has noted that it may be difficult to determine its value (*Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918). Given the conflicting testimony by the experts for the plaintiff and the defendant we cannot say that the figure arrived at by the trial court is unjust.

At trial, testimony was adduced concerning the defendant's interest in an entity called Convenience Group Ltd. (hereinafter Convenience), a partnership which owned convenience stores in Florida. The record reveals that the defendant purchased a limited partnership interest in Convenience sometime after the commencement of this action. However, he along with the two partners of his law firm were the sole and equal shareholders in a corporation called S.C. & G. Farm Inc. (hereinafter S.C. & G.), which was a general partner of Convenience. S.C. & G. had been formed prior to the commencement of the instant action but the defendant testified that its partnership interest in Convenience did not mature or have any value until a sufficient number of limited partners had been solicited to enable Convenience to finance the purchase of the Florida property. The court refused to allow testimony as to the defendant's interest in Convenience, finding that it was not marital property.

Although S.C. & G.'s interest in Convenience may not have matured until after the commencement of the action, there appears to be no question that S.C. & G. itself was formed prior to that date. Therefore the defendant's interest in S.C. & G. was marital property, even though its potential value was contingent on certain factors beyond the control of the defendant. In a somewhat similar vein, our courts have recognized that nonvested pension rights are subject to equitable distribution even though the realization of those benefits is contingent upon happenings which may be beyond the control of the employed spouse (*see, Damiano v Damiano,* 94 AD2d 132). It would therefore seem that S.C. & G.'s contingent interest in Convenience would likewise be subject to equitable distribution. The matter must therefore be remitted for a hearing on the value of this asset. Since the defendant's interest in the corporation is directly related to his law practice, the plaintiff should be awarded one half of its value, the same as her share of the practice. While valuation of this asset at the time of the commencement of the action may prove difficult, the trial court in its discretion could value the property at the time of

trial when the asset apparently had a more definite value *(see, Wegman v Wegman,* 123 AD2d 220, 234-235).

Considering the respective financial positions of the parties, it was an improvident exercise of discretion for the court not to award the plaintiff attorneys' and experts' fees *(see,* Domestic Relations Law § 237 [a]; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, C237:1, at 501). Based on the affidavits submitted by the plaintiff's attorney and accountant we believe that $15,000 for attorneys' fees and $5,000 for accountants' fees represent the reasonable value of these services.

Finally, in computing the amount of support and maintenance arrears due the plaintiff the court incorrectly gave a credit to the defendant for voluntary payments he made to the plaintiff between September 4, 1985 and November 20, 1985 in excess of the amounts contained in the instant judgment *(see, Foxx v Foxx,* 114 AD2d 605; *Rodgers Rodgers,* 98 AD2d 386, *appeal dismissed* 62 NY2d 646). In light of the increase we have provided in the amounts of support and maintenance, the matter is remitted to the Supreme Court for a determination of the arrears now due the plaintiff. Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.