■ JANE A. VERDRAGER, Appellant, v BRUCE A. VERDRAGER, Respondent. [646 NYS2d 185] —In an action for a divorce and ancillary relief, the plaintiff-wife appeals, as limited by her brief, from so much of a (1) judgment of the Supreme Court, Suffolk County (Dunn, J.), entered September 9, 1994, as (a) purportedly awarded her maintenance only until the age of 63, (b) fixed the interest rate on her distributive award at the prime rate, (c) awarded the defendant-husband a $23,959.09 credit for overpayments of support and maintenance, and (d) directed the defendant-husband to pay the plaintiff-wife's counsel fees in the purported sum of only $35,000, and (2) an order of the same court, dated May 5, 1995, as denied the branch of her motion which was to resettle the judgment.

Ordered that the appeal from the order dated May 5, 1995 is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by (1) adding thereto the following decretal paragraph: "Ordered and Adjudged that the defendant shall obtain a life insurance policy naming the plaintiff as the beneficiary thereof, in an amount sufficient to insure the payment of his child support and maintenance obligations to the plaintiff, and the defendant shall maintain said policy for so long as his obligation to pay the plaintiff maintenance and/or child support continues", (2) adding to the fourth decretal paragraph thereof after the words "Memorandum Decision of the Court" the following: "and the defendant shall pay all reasonable college education needs and expenses for the parties' children, and the law school expenses for the parties' daughter Kamee", (3) deleting from the eighth decretal paragraph thereof the words "prime rate" and substituting therefor the words "statutory rate", (4) adding to the sixth decretal paragraph thereof after the words "Ordered and Adjudged that" the words "until the plaintiff attains the age of 63", (5) deleting from the tenth decretal paragraph thereof the sum of $27,500 and substituting therefor the sum of $35,000, and (6) deleting the seventh decretal paragraph thereof; as so modified, the judgment is affirmed

insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith; and it is further,

Ordered that the wife is awarded one bill of costs.

The appeal from the order dated May 5, 1995, must be dismissed as no appeal lies from an order denying resettlement of the decretal paragraphs of a judgment (*see, Furey v Furey,* 230 AD2d 708; *Fischer v Luczak,* 198 AD2d 474; *Zagami v Zagami,* 173 AD2d 698).

The wife appeals, *inter alia,* from so much of the judgment as purportedly awarded her maintenance only until age 63 and limited her award of counsel fees to $35,000. Although the court's memorandum decision dated December 20, 1993, explicitly stated that the wife's maintenance would terminate at age 63 and that she is entitled to counsel fees of $35,000, the judgment has no provision terminating maintenance at age 63 and awarded the wife only $27,500 in counsel fees. Since these mistakes appear to be merely scrivener's errors we have modified the judgment accordingly (*see, Matter of Luposello,* 225 AD2d 551; *see also,* CPLR 5019 [a]; 2 Carmody-Wait 2d, NY Prac §§ 8:113, 8:114).

The court did not improvidently exercise its discretion in awarding the wife maintenance until the age of 63 (a period of 17 years) when she will become eligible for, *inter alia,* social security benefits (*see, Hartog v Hartog,* 85 NY2d 36; *Nadel v Nadel,* 220 AD2d 565; *Neumark v Neumark,* 120 AD2d 502). Further, we discern no basis in the record for disturbing the court's award of counsel fees in the amount of $35,000 (*see generally,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

However, the court erred in ordering interest on the wife's distributive award to accrue at the prime rate rather than at the statutory rate. Unless otherwise provided by statute, interest on a judgment is to accrue at the statutory rate (*see,* CPLR 5004; *Gross v Lichtman,* 44 AD2d 554). CPLR 5001 (a) merely permits the discretionary award of interest on, *inter alia,* an equitable claim prior to the time of verdict, report, or decision (*see, e.g., Schanback v Schanback,* 159 AD2d 498).

In addition, the decision underlying the judgment directed the husband to obtain and maintain a life insurance policy naming the wife as the beneficiary to secure the payment of his obligations. However, this direction was omitted from the judgment. Where there is an inconsistency between a judgment and the decision upon which it is based, the decision controls (*Green v Morris,* 156 AD2d 331; *Di Prospero v Ford*

*Motor Co.,* 105 AD2d 479). Further, such an inconsistency may be corrected either by way of a motion for resettlement or on appeal (CPLR 2221, 5019 [a]; *Green v Morris, supra; Young v Casabonne Bros.,* 145 AD2d 244). Accordingly, the judgment is modified to properly reflect the decision. However, the court's failure to direct the husband to pay for the reasonable college expenses of the parties' children and for the law school expenses of their daughter Kamee may not be similarly corrected. In the decision underlying the judgment, the court noted that the husband had agreed to pay for the reasonable college expenses of the parties' children and for the law school tuition of their daughter Kamee. However, although the court may have intended to reduce this agreement to an order in its decision, it did not do so. Accordingly, there is no inconsistency between the decision and judgment subject to correction pursuant to CPLR 5019 (a) (*see, Herpe v Herpe,* 225 NY 323; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5019.04). However, in light of, *inter alia,* the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the husband's express agreement to do so, the husband's child support obligation is increased to include such expenses (*see, Manno v Manno,* 196 AD2d 488; *Breslaw v Breslaw,* 156 AD2d 627; Domestic Relations Law § 240 [1-b] [c] [7]).

Finally, the court erred in granting the husband a net credit of $23,959.09 for overpayments of maintenance and support. Pursuant to Domestic Relations Law § 236 (B) (6) (a) and (7) (a), maintenance and child support is to be awarded "as of the date of application therefor, and any retroactive amount of maintenance [or child support] due shall be paid in one sum or periodic sums, as the court shall direct, taking into account any amount of temporary maintenance [or child support] which has been paid". Here, although the court properly directed that maintenance for the wife and child support for the parties' daughter Jeannine be retroactive to May 1989, the date that the complaint was served, the credits awarded the husband as against arrears on these awards were improper. Further, the proper amount of credits cannot be determined solely from the conflicting documentary evidence submitted by the parties pursuant to the court's decision. Thus, the matter is remitted for further proceedings, including a hearing if warranted (*see, Rogers v Rogers,* 151 AD2d 738). Upon remittitur, the court is to consider two distinct periods. For the period from May 1989, the commencement date of the retroactive award of maintenance and child support pursuant to the judgment, until March 20, 1992, the effective date of the order granting such relief pendente lite, the husband may be credited

for any voluntary payments of such obligations up to the amounts awarded in the judgment (*see, Pascale v Pascale,* 226 AD2d 439; *Stempler v Stempler,* 143 AD2d 410; *Salerno v Salerno,* 142 AD2d 670; *Rodgers v Rodgers,* 98 AD2d 386). For the period from March 20, 1992, the effective date of the pendente lite order, until the date of the judgment, the husband may be credited for only those payments made pursuant to the pendente lite order up to the amounts awarded pendente lite (*see, Horne v Horne,* 22 NY2d 219; *Lefkow v Lefkow,* 188 AD2d 589; *Krantz v Krantz,* 175 AD2d 865; *Stempler v Stempler, supra; Fabrizio v Fabrizio,* 125 AD2d 634). The court is also to determine whether arrears are to be paid in installments or in one lump sum. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.