■ ALAN FERRARO, Appellant, v THERESA FERRARO, Respondent. [684 NYS2d 276] —In a matrimonial action in which the parties were divorced by judgment dated May 31, 1996, the plaintiff former husband appeals from stated portions of an order of the Supreme Court, Westchester County (Barone, J.), entered September 19, 1997, which, *inter alia,* denied his motion to award him a credit against retroactive maintenance and child support for amounts he paid for the carrying charges

of the marital residence, and directed him to pay the defendant former wife the sum of $204,172.57 in retroactive maintenance and child support and $25,000 for an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof that directed the husband to pay the sum of $204,172.57 in retroactive maintenance and child support; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

"Pursuant to Domestic Relations Law § 236 (B) (6) (a) and (7) (a), maintenance and child support is to be awarded 'as of the date of application therefor, and any retroactive amount of maintenance [or child support] due shall be paid in one sum or periodic sums, as the court shall direct, taking into account any amount of temporary maintenance [or child support] which has been paid' " (*Verdrager v Verdrager,* 230 AD2d 786, 788-789). On his appeal from the judgment of divorce, while the plaintiff did challenge the durational period of the maintenance awarded to the defendant, he did not challenge the court's determination making the award of retroactive maintenance and child support effective as of the commencement date of this action (*see, Ferraro v Ferraro,* 257 AD2d 596 [decided herewith]). Accordingly, that determination will not be disturbed.

However, the court incorrectly determined the amount of the maintenance and child support arrears owed by the plaintiff. Since the proper amount of the credits to which the plaintiff is entitled cannot be determined from the chart provided by him, the matter must be remitted for further proceedings, including a hearing if warranted (*see, Verdrager v Verdrager, supra*; *Rogers v Rogers,* 151 AD2d 738). Upon remittal, the court is to consider two distinct periods. For the period from March 11, 1994, the commencement date of the retroactive maintenance and child support awarded in the judgment, until October 11, 1994, the effective date of the order granting the defendant pendente lite maintenance and child support, the plaintiff may be credited for any voluntary payments of pendente lite maintenance and child support up to the amounts awarded in the judgment (*see, Pascale v Pascale,* 226 AD2d 439; *Stempler v Stempler,* 143 AD2d 410; *Salerno v Salerno,* 142 AD2d 670; *Rodgers v Rodgers,* 98 AD2d 386). For the period from October 11, 1994, until the date of the judgment, the plaintiff may be credited for only those payments made pursuant to the pendente lite order up to the amounts awarded pendente lite

(*see, Horne v Horne,* 22 NY2d 219; *Lefkow v Lefkow,* 188 AD2d 589; *Krantz v Krantz,* 175 AD2d 865; *Stempler v Stempler, supra; Fabrizio v Fabrizio,* 125 AD2d 634). The court is also to determine whether arrears are to be paid in installments or in one lump sum. The award shall include interest at the legal rate (*see,* CPLR 5004). Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.