■ DEBRA S. TEAGUE, Respondent, v MICHAEL E. TEAGUE, Appellant. [721 NYS2d 774] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated March 15, 1999, which, after a nonjury trial, *inter alia*, awarded custody of the parties' child to the plaintiff, failed to award him a credit against the arrears in maintenance awarded to the plaintiff, and directed him to transfer his interest in the marital residence to the plaintiff and credited him only $55,000 against the plaintiff's remaining interest in the marital estate.

Ordered that the judgment is modified, on the law, by (1) deleting the fifteenth decretal paragraph thereof awarding the plaintiff arrears in maintenance, and (2) deleting the seventeenth decretal paragraph thereof directing the defendant to transfer his interest in the marital residence to the plaintiff and crediting him only $55,000 against the plaintiff's remaining interest in the marital estate; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

Contrary to the defendant's contentions, the Supreme Court properly determined that awarding custody to the plaintiff was consistent with the best interests of the child (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; *Vecchiarelli v Vecchiarelli,* 238 AD2d 411). In addition, the Supreme Court properly determined that the plaintiff was entitled to an award of arrears in maintenance from July 1, 1995, to December 31, 1998 (*see,* Domestic Rela-

tions Law § 236 [B] [6] [a]; *see also, Burns v Burns,* 84 NY2d 369, 377). The Supreme Court, however, should have credited the defendant with payments he made during that time to satisfy the plaintiff's obligations, such as mortgage payments on the marital residence and payments towards her credit card bills for purchases made from July 1995 to December 1995 (*see,* Domestic Relations Law § 236 [B] [6] [a]; *Berge v Berge,* 159 AD2d 960; *West v West,* 151 AD2d 475; *Petrie v Petrie,* 124 AD2d 449, 451). As the record does not reflect the exact amounts of the payments made by the defendant, the matter is remitted to the Supreme Court to determine the amount of the credit to which he is entitled and the amount of arrears of maintenance he owes (*see, Berge v Berge, supra*).

Moreover, the Supreme Court should not have directed the defendant to transfer his interest in the marital residence to the plaintiff in the absence of any evidence establishing the fair market value of the residence. Thus, the matter is remitted to the Supreme Court to determine the fair market value of the former marital residence as of the date of the trial, and for an appropriate distribution thereof.

The defendant's remaining contentions are without merit. Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.