■ Nancy N. Miklos, Appellant-Respondent, v Joseph Miklos, Respondent-Appellant. [835 NYS2d 330]—

In an action for a divorce and ancillary relief, the plaintiff former wife appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), entered July 26, 2005, which, upon a decision of the same court dated March 8, 2005, after remittitur from this Court (*see Miklos v Miklos,* 9 AD3d 397 [2004]), inter alia, denied her an award of retroactive maintenance and failed to award interest on the retroactive child support award, and

the defendant former husband cross-appeals, as limited by his brief, from so much of the same judgment as failed to credit him for certain payments made during the pendency of the action, awarded retroactive child support in the sum of $93,250, failed to value his interest in his law practice in accordance with the recommendation of the court-appointed expert, directed him to pay maintenance in the amount of $42,000 per year for a period of 15 years and $24,000 per year thereafter until the death of either party, and awarded compound interest of 1.5% per month on any untimely distributive award payments.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding compound interest of 1.5% per month on any untimely distributive award payments, and substituting therefor a provision awarding interest at the rate of 9% per annum on any untimely distributive award payments, (2) by deleting the provision thereof awarding retroactive child support in the sum of $93,250, and (3) by deleting the provision thereof denying the plaintiff an award of retroactive maintenance; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Contrary to the defendant's contention, the Supreme Court did not double count his income when valuing his enhanced earning capacity, together with his interest in his law firm (see Grunfeld v Grunfeld, 94 NY2d 696, 703-705 [2000]; McSparron v McSparron, 87 NY2d 275, 286 [1995]; Chi-Yuan Hwang v Hwang, 308 AD2d 560, 560-561 [2003]).

However, the Supreme Court erred in failing to award the plaintiff maintenance retroactive to the date the application was first made, with credit to the defendant for any temporary maintenance payments made (see Domestic Relations Law § 236 [B] [6] [a]; Miklos v Miklos, 9 AD3d 397, 399 [2004]). Furthermore, although the Supreme Court properly awarded the plaintiff retroactive child support, the court failed to credit the defendant for any amount of temporary child support already paid even though the making of such payments was reflected in the defendant's statement of net worth contained in his submissions. Consequently, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings, including a hearing if warranted, to calculate the amount of retroactive maintenance and to credit the defendant for any amount of temporary maintenance and child support already paid (see Koeth v Koeth, 309 AD2d 786, 787 [2003]; Ferraro v Ferraro, 257 AD2d 598, 599 [1999]). The court is also to determine

whether recalculated maintenance and child support arrears are to be paid in installments or in a lump sum (*see* Domestic Relations Law § 236 [B] [7] [a]; *Koeth v Koeth, supra* at 787).

The plaintiff is not entitled to an award of past interest on any maintenance or child support arrears. Domestic Relations Law § 244 provides that a judgment "shall provide for the payment of interest on the amount of any arrears if the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful order." Here, the Supreme Court did not find that the defendant's arrears were a product of a willful default (*see Manno v Manno,* 224 AD2d 395, 400 [1996]). However, to the extent the Supreme Court directs that arrears be paid in installments, the plaintiff is entitled to interest on the unpaid outstanding balances at the statutory rate (*see* CPLR 5004; *Greenberg v Greenberg,* 269 AD2d 354, 355 [2000]; *Ferraro v Ferraro, supra* at 600) and, upon remittitur, the Supreme Court shall make provision for such interest payments.

The Supreme Court improperly awarded compound interest of 1.5% per month, which is at least twice the permissible statutory rate of 9% per annum, on any untimely equitable distributive award payments (*see Miklos v Miklos,* 21 AD3d 353, 354 [2005]; *Verdrager v Verdrager,* 230 AD2d 786, 787 [1996]; *Manno v Manno, supra* at 400).

The parties' remaining contentions are without merit. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.