■ LINDA BOYLE, Respondent, v PETER BOYLE, Appellant. [844 NYS2d 384]—In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated March 22, 2006, as denied that branch of his motion which was, in effect, pursuant to CPLR 4404 (b) to set aside so much of a decision of the same court dated August 4, 2005, made after a nonjury trial on submitted facts, as determined that he was obligated to pay retroactive maintenance to the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a decision dated August 4, 2005, made after a nonjury trial on submitted facts, the Supreme Court determined that the defendant was obligated to pay maintenance to the plaintiff, retroactive to the date of the commencement of the action, in the sum of $23,100 (*see* Domestic Relations Law § 236 [B] [6] [a]). In reviewing a determination made after a nonjury trial, "the power of the Appellate Division . . . is as broad as that of the trial court . . . and . . . as to a bench trial it may render the judgment it finds warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). We find no basis in the record to disturb the Supreme Court's determination with respect to retroactive maintenance. Therefore, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, to set aside so much of the decision as determined that he was obligated to pay retroactive maintenance to the plaintiff.

In his brief, the defendant seeks review of other aspects of the Supreme Court's order. We do not reach those issues because the defendant's notice of appeal stated that he was appealing only from so much of the order as denied that branch of his mo-

tion which was, in effect, to set aside the provision of the decision determining that he was obligated to pay retroactive maintenance. An appeal from only part of an order constitutes a waiver of the right to appeal from other parts of the order (*see Ilardo v New York City Tr. Auth.*, 28 AD3d 610 [2006]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997]; *Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133 [1986]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.