CATHLEEN HEINY, Appellant, v JAY HEINY, Respondent. [904 NYS2d 191]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Giacomo, J.), entered August 4, 2008, as, after a nonjury trial on submitted facts, and upon an order of the same court dated November 3, 2006 (Horowitz, J.), inter alia, granting that branch of the motion of the defendant which was to reduce his maintenance obligation to the extent of directing him to pay maintenance in the sum of only $800 per month from November 2006 until December 2009, and upon an order of the same court (Giacomo, J.), dated June 3, 2008, among other things, stating that the defendant owed her arrears in the sum of $4,611.40 for the period from September 24, 2004, to May 16, 2007, directed him to pay child support in the sum of only $1,642 per month for the parties' unemancipated child, and maintenance in the sum of only $800 per month commencing on November 3, 2006, until December 3, 2009, and adjudged that the defendant had paid to her the arrears stated to be owed by him in the order dated June 3, 2008.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to pay child support in the sum of $1,642 per month for the parties' unemancipated child, and substituting therefor a provision directing him to pay child support in the sum of $1,746 per month for the parties' unemancipated child, (2) by deleting the provision thereof

directing the defendant to pay maintenance in the sum of $800 per month from November 3, 2006, until December 3, 2009, and substituting therefor a provision directing him to pay maintenance in the sum of $1,800 per month from November 3, 2006, until December 31, 2009, and (3), by deleting the provision thereof adjudging that the defendant had paid the plaintiff the arrears stated to be owed by him in the order dated June 3, 2008, for the period from September 24, 2004, to May 16, 2007, and substituting therefor a provision directing the defendant to pay arrears in the sum of $25,713.15 owing for the period from September 24, 2004, to October 31, 2006; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, the orders dated November 3, 2006, and June 3, 2008, are modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith, and the entry thereafter of an appropriate amended judgment.

The parties were married in 1982 and have three children, none of whom was emancipated at the time this action was commenced in September 2004.

Following a nonjury trial on submitted facts, the Supreme Court issued a decision dated May 9, 2006, in which it calculated child support using the sum of $120,000 as the defendant's annual salary. In calculating child support, the court declined to include the defendant's bonus in the sum of $31,035 (which the court referred to as the sum of $30,000) because of its "tentative nature and the lack of assurance that the Defendant will receive that amount each year." The Supreme Court did not impute any income to the plaintiff, who, at the time, was not employed outside the home, having left the work force in 1986 to become a stay-at-home mother and homemaker. Upon applying the statutory percentage to the combined parental income in excess of $80,000, the Supreme Court fixed the defendant's child support obligation at the sum of $2,350 per month for the two then-unemancipated children until November 1, 2006, at which time the second child would become emancipated and, thereafter, at the sum of $1,642 per month until the youngest child reached emancipation. No provision was made for the oldest child, who had become emancipated in January 2005.

In the same decision, the Supreme Court also fixed the defendant's maintenance obligation at $1,800 per month through December 2014, and directed him to pay the children's medical insurance premiums, 100% of the children's unreimbursed medical expenses, and the high school and college tuition of the youngest child.

The defendant thereafter moved, inter alia, to reduce his maintenance obligation. In an order dated November 3, 2006, the Supreme Court, among other things, granted that branch of the motion to the extent of directing the defendant to pay maintenance in the sum of only $800 per month from November 3, 2006, until December 3, 2009.

Thereafter, the plaintiff commenced an enforcement proceeding in the Family Court, seeking support and maintenance retroactive to the date of the commencement of the action. The matter was transferred to the Supreme Court, and the parties were directed to tender submissions as to whether the defendant should pay retroactive support and maintenance and, if so, whether the defendant owed arrears. In his affidavit, the defendant argued that he was entitled to a credit of $115,782.56 for the voluntary payments he made during the 26-month period from September 2004 through October 2006. Annexed to the defendant's affidavit was a printout entitled *Payments Made for Family Support for the Period September 2004-April 15, 2007*. In an order dated June 3, 2008, the Supreme Court granted the plaintiff's request for support and maintenance retroactive to the commencement date of the action and, upon crediting the defendant with the sum of $115,782.56, determined that the plaintiff was entitled to arrears in the sum of $4,611.40.

On this appeal from the ensuing judgment, the plaintiff argues that the Supreme Court should have included the defendant's bonus in calculating his child support obligation and that, in determining the maintenance award, the Supreme Court failed to consider, inter alia, the pre-divorce standard of living and her extended absence from the work force. The plaintiff also challenges the credit against arrears given to the defendant.

In reviewing a determination made after a nonjury trial, "the power of the Appellate Division . . . is as broad as that of the trial court . . . and . . . as to a bench trial it may render the judgment it finds warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Majauskas v Majauskas*, 61 NY2d 481 [1984]; *Boyle v Boyle*, 44 AD3d 885 [2007]).

The Supreme Court's determination to omit the defendant's bonus and to reduce the amount of maintenance is unsupported by the record and an improvident exercise of discretion. We further find that the defendant was not entitled to a credit in the sum of $115,782.56. "Although certain nonrecurring income may be excluded in calculating the ongoing child support obligation of a noncustodial parent" (*Mirkin v Mirkin*, 43 AD3d 1115,

1116 [2007]; *see* Domestic Relations Law § 240 [1-b] [e]), in this case, the record shows that the defendant, who was vice president of sales and marketing for an educational publishing company, received bonuses in 2003, 2004, and 2005, none of which was in any sum less than $24,000.

Under the Child Support Standards Act, income consists of, among other things, "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]). Here, the annual bonus received by the defendant was consistently reported in earnings statements for the respective years and on his income tax returns. Accordingly, given the record in this case, the Supreme Court should have included the sum of $31,035 when calculating child support (*see Mirkin v Mirkin*, 43 AD3d at 1116; *Matter of Scomello v Scomello*, 260 AD2d 483, 484 [1999]; *Matter of Harris v Harris*, 229 AD2d 439, 440 [1996]; *cf. Skinner v Skinner*, 271 AD2d 679, 680 [2000]).

"The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]; *see Kilkenny v Kilkenny*, 54 AD3d 816, 820 [2008]; *DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008]). The mere fact, however, that a party has the ability to become self-supporting in no way obviates the need for the trial court to consider the pre-divorce standard of living in determining the amount and duration of maintenance (*see* Domestic Relations Law § 236 [B]; *Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]; *Krigsman v Krigsman*, 288 AD2d 189, 190 [2001]).

In determining the amount and duration of maintenance, the Supreme Court did not address the plaintiff's pre-divorce standard of living, which included a 3,700-square-foot home, country club membership, a boat, and annual vacations. Moreover, the Supreme Court's assessment of the plaintiff's contributions to the defendant's career (*see* Domestic Relations Law § 236 [B] [6] [a] [8]) ignored her orchestration of the household moves when the defendant's promotions necessitated his relocation from Tennessee to Minnesota and later from Minnesota to New York, that his work often involved traveling, leaving her as the sole caregiver for the children, and that she entertained his business associates.

Based on this record, the amount of the defendant's maintenance obligation should be increased from the sum of $800 per month to the sum of $1,800 per month. This is in keeping with the reasonable needs of the plaintiff, who reports a monthly

mortgage payment of $1,327.34 and deferred student loan debt totaling $31,764 (see *Zaretsky v Zaretsky*, 66 AD3d 885, 888 [2009]; *Abrams v Abrams*, 57 AD3d 809 [2008]; *Fridman v Fridman*, 301 AD2d 567 [2003]).

Using the defendant's 2005 salary of $152,648 (consisting of a base salary of $121,613 and a bonus of $31,035), as reported in his net worth statement sworn to on July 13, 2005, less FICA of $7,793, and maintenance of $21,600, the husband's income for calculating child support amounts to $123,255 (see Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C], [H]). Applying the statutory rate of 29% for three children to the husband's available income results in a support obligation of $2,979 per month, or $14,895 for the five-month period prior to the oldest son becoming emancipated. Applying the statutory rate of 25% for two children results in a support obligation of $2,568 per month, or $53,928 for the 21-month period until the second child became emancipated. Applying the statutory rate of 17% for one child beginning November 2006 results in a support obligation of $1,746 per month for the unemancipated youngest child. The combined child support and maintenance that the defendant was obligated to pay prior to November 1, 2006, amounts to the sum of $115,623.

Contrary to the defendant's contention, he is entitled to a credit towards arrears in the sum of only $89,909.85, which includes voluntary payments for support paid directly to the plaintiff, tuition payments, medical insurance, and unreimbursed medical expenses (see *Verdrager v Verdrager*, 230 AD2d 786, 788-789 [1996]; *Ferraro v Ferraro*, 257 AD2d 598, 599 [1999]), as well as voluntary payments toward the plaintiff's car payments and auto insurance and for one half of the payments made toward both the home equity line of credit and the carrying charges on the marital premises, which are limited to mortgage, oil utilities, electric utilities, and homeowners insurance (see *Judge v Judge*, 48 AD3d 424 [2008]; *Teague v Teague*, 281 AD2d 473 [2001]; *Grossman v Merke-Grossman*, 248 AD2d 670 [1998]; *West v West*, 151 AD2d 475 [1989]; *Bara v Bara*, 130 AD2d 613 [1987]).

The defendant is not entitled to a credit for the remaining payments. These expenses either are not addressed in the decision dated May 9, 2006 (see *Ruane v Ruane*, 55 AD3d 586, 588 [2008]), and, therefore, constitute voluntary payments made for the benefit of the children (see *Matter of Hang Kwok v Xiao Yan Zhang*, 35 AD3d 467, 468 [2006]; *Mayeri v Mayeri*, 220 AD2d 647, 648 [1995]), or the payments satisfy the defendant's own legal obligations (see *Krantz v Krantz*, 175 AD2d 865, 866 [1991]).

Thus, the total amount of arrears due and owing to the plaintiff is $25,713.15.

In light of the increase in the amounts of child support and maintenance provided for herein, the matter must be remitted to the Supreme Court, Orange County, for a determination of the arrears subsequent to October 31, 2006, and, thereafter, entry of an appropriate amended judgment (*see Beece v Beece*, 289 AD2d 352, 353 [2001]; *Stempler v Stempler*, 143 AD2d 410, 413 [1988]). The Supreme Court should also determine whether the recalculated maintenance and child support arrears are to be paid in installments or in a lump sum (*see* Domestic Relations Law § 236 [B] [7] [a]; *Miklos v Miklos*, 39 AD3d 826, 827-828 [2007]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.