*544 “[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts” (Wortman v Wortman, 11 AD3d 604, 606 [2004]; see Sidhu v Sidhu, 304 AD2d 816, 817 [2003]). In determining the amount and duration of an award of maintenance, the court “must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance” (Giokas v Giokas, 73 AD3d 688, 689 [2010]; see Baron v Baron, 71 AD3d 807, 809 [2010]). Here, considering the relevant factors, including the long duration of the marriage, the extended absence of the defendant former wife from the work force, and the parties’ predivorce standard of living, the Supreme Court providently exercised its discretion in awarding the defendant maintenance in the sum of $7,500 per month until the date of the sale of the marital residence, and $15,000 per month for a period of 10 years thereafter (see Hartog v Hartog, 85 NY2d 36, 50-51 [1995]; Monroe v Monroe, 71 AD3d 647, 648 [2010]; Kriftcher v Kriftcher, 59 AD3d 392, 393-394 [2009]).
Further, contrary to the contention of the plaintiff former husband, the Supreme Court providently exercised its discretion in equally distributing his stock, stock options, and interests in two limited partnerships (see Blaise v Blaise, 206 AD2d 715, 716 [1994]; Elmaleh u Elmaleh, 184 AD2d 544, 546 [1992]).
However, the Supreme Court incorrectly calculated retroactive maintenance from the date of the commencement of the action, as it was the former husband who commenced this action. *545 A party’s maintenance obligation commences, and is retroactive to, the date an application for maintenance was first made (see Domestic Relations Law § 236 [B] [6] [a]; Scarpace v Scarpace, 84 AD3d 1537, 1539 [2011]; Groesbeck v Groesbeck, 51 AD3d 722, 724 [2008]; Grassi v Grassi, 35 AD3d 357, 358 [2006]). In addition, the court erred by failing to credit the plaintiff for voluntary maintenance payments he made during the pendency of the action (see Heiny v Heiny, 74 AD3d 1284, 1288 [2010]; Ferraro v Ferraro, 257 AD2d 598, 599 [1999]). Consequently, the matter must be remitted for further proceedings, including a hearing if warranted, to calculate the amount of retroactive maintenance from the date of the defendant’s first application for maintenance, and to credit the plaintiff for any amount of temporary maintenance already paid (see Miklos v Miklos, 39 AD3d 826, 827 [2007]; Ferraro v Ferraro, 257 AD2d at 599; Verdrager v Verdrager, 230 AD2d 786, 788-789 [1996]).
Furthermore, we agree with the plaintiff that the life insurance policy he was required to maintain to secure his maintenance obligation may be a declining term policy that would permit him to reduce the amount of coverage by the amount of support actually paid (see Jayaram v Jayaram, 62 AD3d 951, 954 [2009]; Matter of Anonymous v Anonymous, 31 AD3d 955, 957 [2006]).
Additionally, the Supreme Court should have charged the defendant with marital waste in the sum of $73,500, representing the amount of additional income tax the plaintiff was required to pay based upon the defendant’s failure, as of the time of trial, to agree to file joint income tax returns for 2009 (cf. Teich v Teich, 240 AD2d 258 [1997]; Bursztyn v Bursztyn, 379 NJ Super 385, 397-398, 879 A2d 129, 136-137 [2005]).
Turning to the defendant’s cross appeal, “CPLR 5515 (1) requires that a notice of appeal designate the judgment or order, or specific part of the judgment or order, from which the appeal is taken. This requirement is jurisdictional. By taking an appeal from only a part of a judgment or order, a party waives its right to appeal from the remainder thereof’ (City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 516-517 [1997] [citation omitted]; see Hatem v Hatem, 83 AD3d 663, 664 [2011]). The defendant’s amended notice of cross appeal specifically limits her cross appeal to the portions of the judgment “which directed the plaintiff to pay the defendant $7,500 per month in maintenance and denied the defendant’s request for an award of counsel fees.” As the scope of the defendant’s amended notice of cross appeal is limited, her contentions that the award of $15,000 per month of maintenance for 10 years after the mari *546 tal home is sold is inadequate both in amount and duration, and that the Supreme Court should have granted her request for expert’s fees, are not properly before this Court (see Hatem v Hatem, 83 AD3d at 664).
The defendant’s remaining contentions are without merit. Skelos, J.E, Balkin, Roman and Sgroi, JJ., concur.
Motion by the appellant-respondent to strike point II and part of point IV of the brief of the respondent-appellant on an appeal and cross appeal from a judgment of the Supreme Court, Nassau County, entered December 8, 2010, on the ground that the issues raised in those points are outside the scope of the cross appeal, as limited by the amended notice of cross appeal. By decision and order on motion of this Court dated June 16, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and the cross appeal for determination upon the argument or submission of the appeal and the cross appeal.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal and the cross appeal, it is
Ordered that the motion is denied as academic in light of the determination of the appeal and the cross appeal. Skelos, J.E, Balkin, Roman and Sgroi, JJ., concur.