■ MIHEA KIM, Respondent, v BRADFORD C. SCHILLER, Appellant. [978 NYS2d 229]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated February 15, 2012, as granted that branch of the plaintiff's cross motion which was for an award of an attorney's fee in the sum of $5,000, and (2) a judgment of the same court dated August 13, 2012, as, upon a decision of the same court dated June 25, 2012, made after a nonjury trial, (a) awarded the plaintiff the sum of $247,000 as the plaintiff's portion of the defendant's enhanced earning capacity, (b) failed to award the defendant a credit in the sum of $20,000 with respect to funds from his separate property that he used to repay the plaintiff's student loan debt, (c) failed to award him a marital share of the plaintiff's Vanguard and Fidelity retirement accounts, (d) awarded the plaintiff possession and ownership of the former marital residence and awarded the defendant a credit in the sum of only $60,000 as his share of the equity in the residence, (e) failed to equitably distribute the parties' household furnishings, (f) awarded the plaintiff the sum of $662 as the plaintiff's share of the defendant's Charles Schwab account, (g) awarded

the plaintiff child support for the parties' two children in the sum of $3,774 per month, (h) failed to award the defendant a credit for voluntary payments he made to the plaintiff from September 13, 2010, the date that the action was commenced, until the issuance of an order dated June 24, 2011, awarding pendente lite relief to the plaintiff retroactive to May 5, 2011, (i) awarded the plaintiff, pendente lite, carrying costs on the former marital residence without modifying the child support awarded to the plaintiff, (j) failed to direct that the defendant is to receive a credit towards his child support obligation for any sum he contributes to room and board expenses for either or both of the parties' children during any time they attend college away from home, (k) failed to award the defendant dependent tax exemptions, allowances, and deductions for the parties' children, (l) awarded the plaintiff pendente lite maintenance arrears in the sum of $30,594, (m) directed the defendant to pay 50% of certain additional expenses incurred on behalf of the children, (n) failed to award the defendant an attorney's fee, (o) awarded the plaintiff the sum of $5,000 for an expert's fee, (p) directed the defendant to pay 50% of, inter alia, all health care expenses of the parties' children not covered by insurance, and (q) failed to sanction the plaintiff's attorney for violating Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3 and 4.1 and CPLR 3120 (3).

Ordered that the order dated February 15, 2012, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by reducing the award to the plaintiff for her equitable share of the defendant's enhanced earning capacity from the sum of $247,000 to the sum of $148,200, (2) by adding a provision thereto awarding the defendant a credit in the sum of $20,000 with respect to funds from his separate property that he used to repay the plaintiff's student loan debt, (3) by adding a provision thereto directing that the plaintiff's Vanguard and Fidelity retirement accounts be distributed pursuant to a Qualified Domestic Relations Order upon the earlier of the parties' retirement or the liquidation of the accounts, (4) by increasing the award to the defendant of the credit for his equitable interest in the former marital residence from the sum of $60,000 to the sum of $60,470, (5) by deleting the provision thereof awarding the plaintiff the sum of $662 as her equitable share of the defendant's Charles Schwab account, (6) by adding a provision thereto awarding the defendant a credit in the sum of $3,400 for voluntary child support

payments he made from May 5, 2011, the date that the plaintiff moved for a pendente lite award of child support until the court issued the order dated June 24, 2011, (7) by adding a provision thereto directing that the defendant's child support obligation shall be decreased by the amount of any college room and board expenses he incurs while either of the parties' children attends college, (8) by adding a provision thereto directing that the defendant shall be permitted to claim dependent tax exemptions, allowances, and deductions for the parties' eldest child, that the plaintiff shall be permitted to claim dependent tax exemptions, allowances, and deductions for the parties' youngest child, that upon the emancipation of the parties' eldest child, the parties shall alternate, on an annual basis, the right to claim dependent tax exemptions, allowances, and deductions for the parties' youngest child until that child's emancipation, and directing the plaintiff to execute the appropriate Internal Revenue Service forms, (9) by deleting the provision thereof directing the defendant to pay 50% of certain additional expenses incurred on behalf of the children, including the cost of the children's furniture, trips to South Korea, and a sweet sixteen birthday party, as well as the cost of eyeglasses, contact lenses, summer camp, and therapy, and substituting therefor a provision awarding the plaintiff the sum of $895.50, representing the defendant's 50% share of in-network and reasonable unreimbursed medical expenses and tutoring expenses incurred by the plaintiff on behalf of the parties' children during the pendency of the action, (10) by reducing the award to the plaintiff for the defendant's pendente lite "maintenance arrears" from the sum of $30,594 to the sum of $19,800, representing $13,200 in pendente lite maintenance arrears and $6,600 in pendente lite arrears for the carrying charges for the former marital residence, (11) by deleting the provision thereof awarding the plaintiff the sum of $5,000 for an expert's fee, and (12) by adding to the provision thereof directing the defendant to pay 50% of, inter alia, all health care expenses of the parties' children not covered by insurance, the word "reasonable" before the words "health care expenses not covered by insurance"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for the entry of an amended judgment.

In this matrimonial action, the Supreme Court properly determined that the plaintiff was entitled to a share of the defendant's enhanced earning capacity. Although the plaintiff did not make direct financial contributions to the defendant's attainment of his medical degree and license, she made substantial indirect contributions, as the plaintiff was supportive of the de-

fendant's attainment of his degree and the advancement of his career. Moreover, the plaintiff worked full-time throughout the marriage, except for those periods of time when she was on maternity leave or collecting disability benefits due to her chronic lupus disease. In addition, the plaintiff contributed her earnings to the family, bore two children for whom she had primary caretaking responsibility, cooked the family's meals, and participated in the housekeeping (*see Holterman v Holterman*, 3 NY3d 1, 8-9 [2004]; *McSparron v McSparron*, 87 NY2d 275 [1995]; *Huffman v Huffman*, 84 AD3d 875, 877 [2011]; *Jayaram v Jayaram*, 62 AD3d 951, 953 [2009]; *Cozza v Colangelo*, 298 AD2d 914 [2002]). However, under the circumstances of this case, where the defendant made accommodations for the sake of the plaintiff's career and her desire to remain near her family, as well as in light of the defendant's financial contributions during his tenure at medical school, we reduce the award to the plaintiff of the marital portion of the defendant's enhanced earning capacity from 50% to 30%, thereby reducing the plaintiff's award from $247,000 to $148,200.

We agree with the defendant that he is entitled to a credit in the sum of $20,000 with respect to funds from his separate property that he used during the marriage to repay the plaintiff's student loan debt (*see Sotnik v Zavilyansky*, 101 AD3d 1102, 1104 [2012]; *Khan v Ahmed*, 98 AD3d 471, 472-473 [2012]; *cf. Zaretsky v Zaretsky*, 66 AD3d 885, 887 [2009]; *DiBlasi v DiBlasi*, 48 AD3d 403, 405 [2008]).

In the decision on which the judgment was based, the Supreme Court concluded that the plaintiff's retirement accounts were to be equitably distributed to the parties pursuant to a Qualified Domestic Relations Order upon the earlier of parties' retirement or the liquidation of the accounts. However, the judgment omitted mention of an award of any credit to the defendant with respect to the plaintiff's retirement accounts. "Where there is an inconsistency between a judgment and the decision upon which it is based, the decision controls" (*Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]; *see Berry v Williams*, 87 AD3d 958, 961 [2011]; *Matter of Jimmy D.*, 63 AD3d 737, 738 [2009], *affd* 15 NY3d 417 [2010]). "Further, such an inconsistency may be corrected either by way of a motion for resettlement or on appeal" (*Verdrager v Verdrager*, 230 AD2d at 788; *see* CPLR 2221, 5019 [a]; *Matter of Jimmy D.*, 63 AD3d at 738). Accordingly, we modify the judgment to direct that the plaintiff's retirement accounts shall be distributed to the parties pursuant to a Qualified Domestic Relations Order, pursuant to the terms and conditions described by the Supreme Court in its decision.

This Court is empowered to "cure any 'mistake, defect or irregularity' in a judgment, including mathematical errors in calculation" (*Berry v Williams*, 87 AD3d at 961, quoting CPLR 5019 [a]). Here, although the parties stipulated that the former marital residence had a value of $340,000, and the evidence established that the principal balance remaining on the mortgage loan referable to the former marital residence was $219,060, the court awarded a credit to the defendant in the sum of $60,000, rather than $60,470, as his share of the equity in the former marital residence. Since $340,000 minus $219,060 is equal to $120,940, and 50% of $120,940 is $60,470, we modify the judgment to award the defendant a credit in the sum of $60,470 as his equitable share of the value of the former marital residence.

The Supreme Court erred in awarding the plaintiff the sum of $662 as her share of a money market account held by the defendant with Charles Schwab, since no evidence regarding the provenance of this account was adduced at the trial. The only evidence that was before the Supreme Court with respect to this account was its inclusion in the defendant's net worth statement.

The plaintiff was entitled to an award of pendente lite relief retroactive to May 5, 2011, the date that she moved for pendente lite relief (*see Fredericks v Fredericks*, 85 AD3d 1107, 1109 [2011]), through June 24, 2011, the date that the Supreme Court issued an order awarding pendente lite relief to her. The defendant, however, is entitled to a credit for the voluntary child support payments he made from May 5, 2011, through June 24, 2011, that were in addition to the court-ordered pendente lite child support payments, but only to the extent of the pendente lite award actually made to the plaintiff (*see Heiny v Heiny*, 74 AD3d 1284, 1288 [2010]; *Verdrager v Verdrager*, 230 AD2d at 788-789; *Ferraro v Ferraro*, 257 AD2d 598, 599 [1999]). Since the parties agree that the defendant was voluntarily paying the plaintiff the sum of $2,600 in child support each month at the time that the plaintiff's motion for pendente lite relief was determined, the defendant expended the total sum of $5,200 pursuant to two payments made between May 5, 2011, and June 24, 2011. For the seven-week period between May 5, 2011, and June 24, 2011, the defendant made four additional biweekly payments of $850, totaling $3,400. Since the pendente lite award actually made to the plaintiff was less than the $5,200 that the defendant made in voluntary child support payments from May 5, 2011, to June 24, 2011, the defendant is not entitled to a credit for the entire sum of $5,200, but, in light of foregoing, he is entitled to a credit in the sum of $3,400 for those payments.

As the defendant correctly contends, the Supreme Court should have directed that his child support obligation be decreased by "the amount of any college room and board expenses he incurs while the parties' child[ren] attend[ ] college" (*Sotnik v Zavilyansky*, 101 AD3d at 1104; *see Ayers v Ayers*, 92 AD3d 623, 625 [2012]; *Matter of Levy v Levy*, 52 AD3d 717, 718 [2008]; *Rohrs v Rohrs*, 297 AD2d 317, 318 [2002]).

We agree with the defendant that, as a wage earner contributing to the support of his children, he is entitled to claim one of the children as a dependent on his income tax returns (*see Lueker v Lueker*, 72 AD3d 655, 658 [2010]). Thus, the parties are to equally share the dependent tax exemptions, allowances, and deductions derived from claiming their children as dependents on their respective income tax returns, as directed herein.

As the defendant correctly contends, the Supreme Court erred in directing him to contribute or to additionally contribute to certain discretionary expenses that the plaintiff incurred on behalf of the children, including a sweet sixteen party for the parties' daughter, trips to South Korea, and new furniture (*see Silbowitz v Silbowitz*, 226 AD2d 699, 700 [1996]). Although the defendant also correctly argues that the court lacked authority to compel him to contribute to certain "add-on" child care expenses incurred prior to the commencement of this action (*see* Domestic Relations Law § 236 [B] [7] [a]), the defendant acknowledges his responsibility for certain post-commencement medical expenses and tutoring expenses related to the parties' children, totaling $1,082. The plaintiff additionally established that she incurred post-commencement expenses totaling $709, consisting of $600 for therapy for the parties' son between November 2, 2011, and December 1, 2011, and $109 for eyeglasses for the parties' daughter on June 30, 2011. Thus, the defendant is responsible for 50% of the total sum of $1,791, or $895.50. Additionally, we modify the judgment to correct the Supreme Court's omission of the word "reasonable" to describe the unreimbursed health care expenses to be paid by the defendant (*see* Domestic Relations Law § 240 [1-b] [c] [5]; *Lueker v Lueker*, 72 AD3d at 659).

Contrary to the defendant's assertions, the Supreme Court's decision concluding that he is obligated to pay, inter alia, pendente lite maintenance, is enforceable against him, notwithstanding that it was never reduced to a written order (*see* 22 NYCRR 202.8 [g]). The defendant challenges the court's award of pendente lite maintenance arrears to the plaintiff, as set forth in the judgment, as well as its failure to award him a credit for the pendente lite maintenance payments he made

during the pendency of the action. The defendant asserts that the pendente lite maintenance award improperly resulted in a double counting of the income derived from his medical license.

Courts recognize that pendente lite awards are temporary, and some degree of inequity with respect to such awards is accepted in the interests of judicial economy. The defendant's remedy for any perceived inequity was to seek a speedy trial (*see Iwanow v Iwanow*, 39 AD3d 471, 472 [2007]; *Brooks v Brooks*, 30 AD3d 363, 364 [2006]; *Taylor v Taylor*, 306 AD2d 401 [2003]). Nonetheless, exercising our discretion pursuant to CPLR 5019 (a), we note that the Supreme Court mistakenly awarded the plaintiff the sum of $30,594 as pendente lite "maintenance arrears." We recalculate the defendant's total pendente lite arrears as the sum of $19,800, comprising maintenance arrears in the sum of $13,200, representing the arrears for December 2011, January 2012, February 2012, March 2012, April 2012, and May 2012, and the sum of $6,600, representing arrears of pendente lite carrying charges on the former marital residence.

We agree with the defendant that the Supreme Court improvidently exercised its discretion in awarding the plaintiff expert fees (*see* Domestic Relations Law § 237 [a]). Absent a showing of necessity or inability to pay, an award of such fees is generally unjustified (*see Gilliam v Gilliam*, 109 AD3d 871 [2013]; *see also Steinmetz v Steinmetz*, 98 AD2d 657 [1983]). Here, the Supreme Court awarded the plaintiff a pendente lite attorney's fee in the sum of $5,000. At that time, it found that the wife was financially capable of retaining her own expert. Subsequently, the court determined that the plaintiff was thereafter capable of paying her own attorney's fee. Therefore, it was inappropriate for the court to award the plaintiff expert fees under these circumstances.

The defendant's remaining contentions are without merit. Rivera, J.P., Hall, Roman and Miller, JJ., concur.